Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                    Chapter 11
VIRGINIA TRUE CORPORATION,                Case No. 19-42769

                             Debtor.
------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

STATE OF NEW YORK   )
                             ) ss.:
COUNTY OF NEW YORK )

        BENITO R. FERNANDEZ, being duly sworn, deposes and says:

        1.    I am the President of Virginia True Corporation, the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein.

        2.    The Debtor is a Virginia corporation with offices located at 2689 Pitkin Avenue, Brooklyn, New York. The Debtor was formed in March 2017 for the purpose of acquiring and developing a 977-acre parcel of land located in Richmond County, Virginia (the "Property"). In 2015, the Property was granted "Phase I" rezoning so as to permit the construction of 713 residential homes/units, a 160-room hotel, an 18-hole golf course and 30,000 square feet of retail space. The Debtor has continued with rezoning by submitting a "Phase II" zoning application and obtaining a necessary wetlands delineation approved by the U.S. Army Corps of Engineers and other relevant studies. The Debtor has also cleared and stabilized 13

acres of land for development to date. The Property is located within a designated "Opportunity Zone" which was created pursuant to the changes made to the federal tax laws in 2017 to offer tax incentives for long term investments in areas deemed to have high poverty rates and sluggish job and business growth.

3.      On May 3, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered. The Debtor intends to remain in possession of its property and to continuing to manage its business and affairs as a debtor-in-possession.

4.      The Debtor's chapter 11 filing was precipitated by certain threatened litigation with two former stockholders of the Debtor, Domenick and Anthony Cipollone (together, the "Cipollones"). The Cipollones hold a $5,000,000 promissory note which matured on April 27, 2019 and a corresponding confession of judgment from the Debtor as security for the repayment of the amounts owed under the promissory note.

5.      Pursuant to LBR 1007-4(a)(3), no committee of creditors of the Debtor was formed prior to the Petition Date.

6.      Pursuant to LBR 1007-4 (a)(4), a list containing the names and addresses of the entities believed to be the twenty largest unsecured creditors of the Debtor, excluding insiders, has or shortly will be filed with the Court.

7.      Pursuant to LBR 1007-4(a)(5), a list containing the names and addresses of the entities believed to be all of the Debtor's secured creditors have been listed in the Debtor's Schedule D which has or shortly will be filed with the Court.

8. Pursuant to LBR 1007-4(a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in the Debtor's Schedules A/B, D, and E/F which have or shortly will be filed with the Court.

9. Pursuant to LBR 1007-4(a)(7), the issued and outstanding interests in the Debtor are all privately held.

10. Pursuant to LBR 1007-4(a)(8), the County of Richmond, Virginia, is presently holding a cash bond of approximately $27,000 posted by the Debtor. To the best of my knowledge, there is no other property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

11. Pursuant to LBR 1007-4(a)(9), the only real property owned, leased or held by the Debtor is the Property described herein.

12. Pursuant to LBR 1007-4(a)(10), all of the corporate books and records are located at the Debtor's Pitkin Avenue officer and/or at the offices of the Debtor's accounting professionals.

13. Pursuant to LBR 1007-4(a)(11), to the best of my knowledge and belief, and in addition to the threatened litigation between the Debtor and the Cipollones discussed herein, the only pending or threatened actions or proceedings against the Debtor are as follows:

| Case Title | Court/Case No. | Description | Status |
| --- | --- | --- | --- |
| *David K. Paylor v. Virginia True Corporation* | Circuit Court, Richmond County (Virginia) CL 18-122 | Environmental | Consent Decree Pending |
| *Robert Smith v. Virginia True Corporation* | Richmond County, Virginia | Lis Pendens Filed on Account of Alleged Legal Fee Obligations | Pending But Never Served |

14. Pursuant to LBR 1007-4(a)(12), the Debtor's management consists of myself as President and Howard Kleinhendler as Executive Vice President and Corporate Secretary. Mr. Kleinhendler and I are also the sole directors and equal shareholders of the Debtor.

15. Pursuant to LBR 1007-4(b)(1), the Debtor presently has no employees.

16. Pursuant to LBR 1007-4(b)(2), the amount proposed to be paid for services for the thirty (30) day period following the Petition Date to the officers, directors, and stockholders is $0.

17. Pursuant to LBR 1007-4(b)(3), the Debtor anticipates that it will have no receipts during the thirty (30) day period following the Petition Date. The Debtor's expenses (including payroll) for the same period is anticipated to approximate $10,000.

18. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to pay its creditors substantially more than they would receive if the Debtor went through a forced liquidation.

_____
BENITO R. FERNANDEZ

Sworn to before me this
3 day of May, 2019

_____
Notary Public
DOUGLAS J. PICK
Notary Public, State of New York
Qualified in New York County
Commission Expires Feb. 20, 20_23_

4