Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                                                  Chapter 11
VIRGINIA TRUE CORPORATION,                           Case No. 19-42769 (NHL)

                              Debtor.
------------------------------------------------------x

## APPLICATION FOR AUTHORITY TO RETAIN
## REED SMITH LLP AS SPECIAL COUNSEL TO THE DEBTOR

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

        Virginia True Corporation, the debtor and debtor-in-possession herein (the "Debtor"), as and for its application (the "Application") for entry of an Order, pursuant to §327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing its retention and employment of the law firm Reed Smith LLP ("Reed Smith") as its special counsel as more fully discussed herein, respectfully represents and alleges as follows:

### JURISDICTION AND VENUE

        1.    This Court has jurisdiction over this case and the Application pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b) and venue is proper before this Court pursuant to 28 U.S.C. §1409. The statutory predicates for the relief sought herein are §327(e) of the Bankruptcy Code and Bankruptcy Rules 2014 and 6003.

## BACKGROUND

2. The Debtor is a Virginia corporation with offices located at 2689 Pitkin Avenue, Brooklyn, New York. The Debtor was formed in March 2017 for the purpose of acquiring and developing a 977-acre parcel of land located in Richmond County, Virginia (the "Property"). In 2015, the Property was granted "Phase I" rezoning so as to permit the construction of 713 residential homes/units, a 160-room hotel, an 18-hole golf course and 30,000 square feet of retail space (the "Development Project"). The Debtor has continued with rezoning by submitting a "Phase II" zoning application and obtaining a necessary wetlands delineation approved by the U.S. Army Corps of Engineers and other relevant studies. The Debtor has also cleared and stabilized 13 acres of land for development to date. The Property is located within a designated "Opportunity Zone" which was created pursuant to the changes made to the federal tax laws in 2017 to offer tax incentives for long term investments in areas deemed to have high poverty rates and sluggish job and business growth.

3. On April 2, 2018, a complaint was filed with the Circuit Court of Richmond County (Virginia) (the "Circuit Court") commencing an action entitled *Robert C. Smith, PLC, et al. v. Virginia True Corporation, et al.*, Case No. CL18-58, seeking to recover legal fees allegedly owed by the Debtor (the "Legal Fee Action"). However, said complaint was not immediately served by the plaintiffs therein. The Debtor recently learned that the plaintiffs attempted to serve their complaint, along with a summons, upon the Debtor on or about May 6, 2019, *i.e.*, after the Petition Date (hereinafter defined).

4. In September 2018, and as more fully set forth in an engagement letter dated September 26, 2018, the Debtor retained Reed Smith (which has an office located in Richmond, Virginia) to represent the Debtor in connection with: (a) certain Virginia

administrative and regulatory enforcement matters related to environmental and development issues concerning the Property and/or the Development Project; (b) advocacy relating to such matters before the Virginia Department of Environmental Quality ("DEQ"), the Virginia Office of the Attorney General; and (c) any other relevant Virginia state entity. In October 2018, and as more fully set forth in an addendum to the engagement letter dated October 31, 2018 (together with the initial engagement letter, the "Pre-Petition Engagement Agreement", a copy of which is attached hereto as *Exhibit "A"*), the scope of the Debtor's engagement of Reed Smith was expanded so as to expressly include Reed Smith's representation of the Debtor in connection with an environmental enforcement action filed by the DEQ and the (Virginia) State Water Control Board with the Circuit Court entitled *David K. Paylor, Director of the Department of Environmental Quality and the State Water Control Board v. Virginia True Corporation*, Case No. CL18-122 (the "Enforcement Action"). Immediately prior to the Petition Date (hereinafter defined), the Debtor, with the assistance of Reed Smith as its counsel, had been in the process of negotiating a settlement of the Enforcement Action.

5. On May 3, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code with this Court and an Order for Relief was entered. The Debtor remains in possession of its property and is continuing to manage its business and affairs as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed. The Debtor's case is a "single asset real estate" case pursuant to §101(51B) of the Bankruptcy Code.

## **RETENTION OF REED SMITH**

6. After due deliberation, the Debtor has determined that its interests and those of its creditors and its estate would best be served by the retention of Reed Smith to serve as special counsel to the Debtor with regard to the Virginia environmental and development issues and proceedings, including the Enforcement Action. Adequate representation of the Debtor's interests with regard to such matters is critical to the Debtor's prospects of successfully emerging from chapter 11 as a reorganized entity. The Debtor submits that Reed Smith possesses extensive knowledge, expertise and experience in the areas of law relevant to such matters. Additionally, Reed Smith is already familiar with the Enforcement Action and other environmental and development issues concerning the Property and/or the Development Project having represented the Debtor in connection with such matters prior to the Petition Date. The Debtor's general bankruptcy counsel (Pick & Zabicki LLP) has advised the Debtor that, given the location of its offices in Richmond, Virginia, its knowledge of the underlying facts, and its expertise in the complex areas of law at issue, Reed Smith is better equipped to assist the Debtor with regard to such matters. As such, Reed Smith is best suited to continue to assist the Debtor and has the necessary background to effectively represent the Debtor's interests in connection with these matters.

7. The Debtor also proposes to retain Reed Smith to represent its interests in connection with the Legal Fee Action. However, such matters are expected to largely be limited to Reed Smith's preparation and filing of such papers and pleadings with the Circuit Court as may be necessary to enforce the automatic stay and/or to otherwise protect the Debtor's interests in connection with the Legal Fee Action.

8. The Debtor believes that the employment of Reed Smith under substantially the same terms set forth in the Pre-Petition Engagement Agreement is appropriate and in the best interests of its estate. Briefly, Reed Smith proposes to bill the Debtor for any services that may be provided by Reed Smith based upon the time expended by Reed Smith's attorneys and paraprofessionals to render such services and at Reed Smith's customary billing rates which currently range from $655.00-$815.00 per hour for partners; $590.00-$785.000 per hour for counsel/associates; and $175.00-$340.00 per hour for paraprofessionals. Reed Smith will delegate tasks to associates and paraprofessionals whenever practical. Said rates may be subject to adjustment from time to time. Reed Smith also intends to seek reimbursement of certain expenses that they may incur in connection with its representation of the Debtor including, but not limited to: photocopying; postage; hand-deliveries; facsimile transmissions; filing fees; appellate printing costs; and overnight mail deliveries. Reed Smith has agreed to take all reasonable measures to avoid any duplication of work performed by the Debtor's other professionals retained in this case. In the event of any conflict between the terms of the Pre-Petition Engagement Agreement and any Order entered in connection with the Application, then said Order shall govern.

9. Reed Smith has agreed to make appropriate applications to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 promulgated by the Executive Office for the United States Trustees and this Court's Administrative Order 613 titled Amended Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases dated June 4, 2013.

10. Due to the exigencies of this case, and in order to protect the interests of the Debtor, the Debtor requested that Reed Smith commence work as special counsel immediately. Reed Smith commenced rendering professional services on behalf of the Debtor as special counsel on or about May 7, 2019. Accordingly, the Debtor requests that Reed Smith's retention be approved as of that date.

11. Except as may specifically be set forth herein or in the annexed declaration of Edward A. Mullen: (a) Reed Smith is not connected with the Debtor, its creditors, other parties-in-interest or the United States Trustee; and (b) Reed Smith does not, by way of any direct or indirect relationship to, connection with or interest in the Debtor, hold or represent any interest materially adverse to the Debtor, its estate, or any class of creditors or equity interest holders with respect to the matters upon which it is to be engaged. Accordingly, the Debtor believes that Reed Smith is a "disinterested person" within the meaning of §§101(14) and 327 of the Bankruptcy Code.

12. Reed Smith has not requested or received any professional retainer or advance payment in connection with its proposed retention as special counsel to the Debtor. No agreement exists to share any compensation received by Reed Smith for services to be rendered. No promises have been received by Reed Smith as to compensation in connection with this case.

13. Notice of this application has been given to the Office of the United States Trustee and the Debtor respectfully submits that such notice is sufficient.

## CONCLUSION

14. Based upon the foregoing, the Debtor respectfully submits that its retention of Reed Smith as special counsel would be appropriate under the circumstances. A proposed Order authorizing said retention is attached as *Exhibit "B"*.

WHEREFORE, the Debtor respectfully requests that the Application be granted in its entirety together with such other and further relief as may be just and proper.

Dated: New York, New York
      May 22, 2019

VIRGINIA TRUE CORPORATION

By: _____
    Name: Benito R. Fernandez
    Title: President

Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                              Chapter 11
VIRGINIA TRUE CORPORATION,                          Case No. 19-42769 (NHL)

                        Debtor.
-----------------------------------------------------------x

### DECLARATION IN SUPPORT OF APPLICATION FOR AUTHORITY TO RETAIN REED SMITH LLP AS SPECIAL COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

Edward A. Mullen, Esquire, hereby declares as follows under penalties of perjury:

1. I am a member of the law firm of Reed Smith LLP ("Reed Smith"), which maintains offices for the practice of law at Riverfront Plaza – West Tower, 901 East Byrd Street, Suite 1900, Richmond, Virginia 23219-4068. I am familiar with the matters set forth herein, and make this affidavit in support of the application (the "Application") of Virginia True Corporation, the debtor and debtor-in-possession herein (the "Debtor"), for authority to retain Reed Smith as its special counsel effective as of the petition date (*i.e.*, May 3, 2019) (the "Petition Date").

2. Pursuant to an engagement letter dated September 26, 2018, the Debtor retained Reed Smith to represent the Debtor in connection with: (a) certain Virginia administrative and regulatory enforcement matters related to environmental and development issues concerning the Property and/or the Development Project; (b) advocacy relating to such matters before the Virginia Department of Environmental Quality ("DEQ"), the Virginia Office

of the Attorney General; and (c) any other relevant Virginia state entity. In October 2018, and as more fully set forth in an addendum to the engagement letter dated October 31, 2018 (together with the initial engagement letter (together with the initial engagement letter dated September 26, 2018, the "Pre-Petition Engagement Agreement", a copy of which is attached to the Application as *Exhibit "A"*), the scope of the Debtor's engagement of Reed Smith was expanded so as to expressly include Reed Smith's representation of the Debtor in connection with an environmental enforcement action filed by the DEQ and the (Virginia) State Water Control Board with the Circuit Court of Richmond County (Virginia) entitled *David K. Paylor, Director of the Department of Environmental Quality and the State Water Control Board v. Virginia True Corporation*, Case No. CL18-122. Reed Smith was not retained to and did not represent any of the other parties therein.

3.  As a result of its prior representation of the Debtor, Reed Smith has extensive knowledge of, among other things, the Debtor, the Property and the Development Project, as well as the issues, facts and circumstances specific to the matters and proceedings with regard to which Reed Smith is proposed to be engaged as special counsel. Reed Smith's attorneys and paraprofessionals are highly skilled and experienced in dealing with, among other things, complex environmental and development regulatory and enforcement matters and other areas of law relevant to the matters with regard to which Reed Smith is proposed to be retained. Accordingly, I believe that Reed Smith is well qualified to continue to represent the Debtor as special counsel.

4.  I have reviewed the schedules of creditors filed by the Debtor. To the best of my knowledge and based upon due inquiry, Reed Smith has not represented any of the parties related to the Debtor, its creditors and other parties-in-interest. Although I have attempted to

identify all such representations, it is possible that Reed Smith may have represented certain of the Debtor's creditors or other entities that consider themselves parties-in-interest in matters unrelated to this chapter 11 case. Reed Smith will not represent any such entities, or their respective affiliates or subsidiaries, in matters related to the Debtor or its chapter 11 case.

5. To the best of my knowledge and information, formed after a reasonable inquiry, and except as otherwise set forth herein, Reed Smith is not connected with the Debtor, its creditors, other parties-in-interest or the Office of the United States Trustee. Further, Reed Smith does not have, by way of any direct or indirect relationship to, connection with, or interest in the Debtor, hold or represent any interest materially adverse to the Debtor, its estate, or any class of creditors or equity interest holders of the Debtor with respect to the matters upon Reed Smith is to be engaged. Based upon the information available to me, I believe that Reed Smith is a "disinterested person" within the meaning of 11 U.S.C. §101(14).

6. Reed Smith is willing to be retained as special counsel to the Debtor under substantially the same terms set forth in the Pre-Petition Engagement Agreement. Briefly, Reed Smith proposes to bill the Debtor for any services that may be provided by Reed Smith based upon the time expended by Reed Smith's attorneys and paraprofessionals to render such services and at Reed Smith's customary billing rates which currently range from $655.00-$815.00 per hour for partners; $590.00-$785.000 per hour for counsel/associates; and $175.00-$340.00 per hour for paraprofessionals. Reed Smith will delegate tasks to associates and paraprofessionals whenever practical. Said rates may be subject to adjustment from time to time. Reed Smith also intends to seek reimbursement of certain expenses that they may incur in connection with its representation of the Debtor including, but not limited to: photocopying; postage; hand-deliveries; facsimile transmissions; filing fees; appellate printing costs; and overnight mail

deliveries. In the event of any conflict between the terms of the Pre-Petition Engagement Agreement and any Order entered in connection with the Application, then said Order shall govern.

7. Reed Smith agrees to make appropriate applications to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 promulgated by the Executive Office for the United States Trustees and this Court's Administrative Order 613 titled Amended Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases dated June 4, 2013.

8. Reed Smith agrees to take all reasonable measures to avoid any duplication of work performed by the Debtor's other professionals retained in this case.

9. As of the Petition Date, Reed Smith was owed a total of $23,591.25 on account of legal fees and expenses incurred on behalf of the Debtor.

10. Over the course of the one year period immediately preceding the Petition Date, Reed Smith was paid amounts totaling $51,856.95 for its services rendered and expenses incurred as counsel to the Debtor. All of those amounts were paid by the Debtor.

11. Reed Smith has not requested or received any professional retainer or advance payment in connection with its proposed retention as special counsel to the Debtor. No agreement exists to share any compensation received by Reed Smith services to be rendered. No promises have been received by Reed Smith as to compensation in connection with this case.

12. Due to the exigencies of this case, and in order to protect the interests of the Debtor, the Debtor requested that Reed Smith commence work as special counsel

immediately. Reed Smith commenced rendering professional services on behalf of the Debtor as special counsel on or about May 7, 2019. Accordingly, the Debtor requests that Reed Smith's retention be approved as of that date.

13. I hereby declare, pursuant to 28 U.S.C. §1746 and under penalties of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: May 22, 2019

_____
Edward A. Mullen, Esq.