**EXHIBIT "A"**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                              Chapter 11
VIRGINIA TRUE CORPORATION,                                       Case No. 19-42769 (NHL)

                        Debtor.
---------------------------------------------------------------x

## ORDER AUTHORIZING DEBTOR TO OBTAIN UNSECURED POST-PETITION FINANCING FROM BENITO R. FERNANDEZ AND GRANTING RELATED RELIEF

Upon the motion of Virginia True Corporation, the debtor and debtor-in-possession herein (the "Debtor"), dated June 17, 2019, and the exhibits annexed thereto (the "Motion"), for entry of an Order, pursuant to §364(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 4001-2, authorizing the Debtor to obtain unsecured post-petition financing from Benito R. Fernandez (the "Lender") on an interim and final basis in accordance with the terms and conditions of a certain Debtor-In-Possession Loan Agreement, dated June 17, 2019 (the "Loan Agreement"), between the Debtor and the Lender, a copy of which is attached to the Motion as Exhibit "B", and for such other and further relief as may be just and proper; and the Court having held an interim hearing on _____, 2019 to consider the Motion (the "Hearing"); and upon all of the pleadings filed with this Court and all of the proceedings held before this Court; and

IT HAVING BEEN FOUND THAT:

A.  The Debtor has given notice of the Hearing, and the relief sought in the Motion, that is due, proper and reasonable under the circumstances.

B.  This Court has jurisdiction over the Debtor's bankruptcy case, the Motion, and the parties, and properties, and interests in properties, affected hereby under 28 U.S.C §§157(b) and 1334. Consideration of the Application constitutes a core proceeding under 28 U.S.C §157(b)(2).

1

Venue of the Debtor's case and this Application is in district is proper pursuant to 28 U.S.C. §§1408 and 1409.

        C.      The terms of the DIP Financing are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with her fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

        D.      It is in the best interest of the Debtor, its creditors and its estate that it be allowed to obtain unsecured post-petition financing from the Lender under the terms and conditions of the Loan Agreement, as such is necessary to permit the orderly administration of the Debtor's chapter 11 case and its estate.

        E.      The DIP Financing has been negotiated in good faith between the Debtor and the Lender and any credit extended, loans made, and other financial accommodations extended to the Debtor by the Lender shall be deemed to have been extended or made, as the case may be, in good faith within the meaning of §364(e) of the Bankruptcy Code.

        F.      Good and sufficient cause has been shown for entry of this Order, to prevent immediate and irreparable harm to the Debtor's estate;

NOW, THEREFORE, IT IS HEREBY ORDERED:

        1.      The Motion is granted on an interim basis. The Debtor is authorized, pursuant to §364(b) of the Bankruptcy Code, obtain unsecured post-petition financing in an amount not to exceed $100,000 from the Lender pursuant to the terms of the Loan Agreement. The Debtor is hereby authorized to enter into and execute the Loan Agreement and all related documents.

        2.      Upon entry of this order, the Debtor's obligations under the Loan Agreement shall constitute valid and binding obligations of the Debtor, enforceable against the Debtor in accordance with the terms hereof.

3. In respect of the amounts loaned to the Debtor, the Lender shall be granted an administrative expense claim under §503(b)(1) of the Bankruptcy Code, without priority over any other administrative expense claims.

4. If any or all of the provisions of this Order are hereafter modified, vacated, amended or stayed by subsequent order of this Court or any other court, such modification, vacatur, amendment or stay shall not affect the validity of any obligation by the Debtor to the Lender that is or was incurred prior to the effective date of such modification, vacatur, amendment or stay.

5. The administrative expense claim granted to the Lender on account of advances made to the Debtor under the Loan Agreement, and any payments made pursuant thereto or hereto, shall be binding (subject to the terms hereof) on the Debtor, any successor trustee for the Debtor, and all creditors of the Debtor, as provided in §364(e) of the Bankruptcy Code, and the validity of such administrative expense claim shall not be subject to subordination or recharacterization.

6. This Order constitutes findings of fact and conclusions of law and takes effect and becomes enforceable immediately upon execution hereof.

7. A final hearing to consider the Motion will be held at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, on _____, 2019 at _____ a.m./p.m.