| | |
|---|---|
| Stephen Z. Starr, Esq.<br>STARR & STARR, PLLC<br>260 Madison Ave., 17th Floor<br>New York, New York 10016<br>tel. (212) 867-8165<br>fax. (212) 867-8139<br>email sstarr@starrandstarr.com | **Hearing Date/Time**:<br>July 11, 2019 at 11:45 a.m.<br><br>**Objection Deadline**:<br>July 5, 2019 at 5:00 pm |

*Attorneys for Creditors Domenick Cipollone*
  *and Anthony Cipollone*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>VIRGINIA TRUE CORPORATION,<br><br>                              Debtor. | Chapter 11 Case No.:<br><br>1-19-42769 (NHL) |

**DECLARATION OF STEPHEN Z. STARR IN SUPPORT OF MOTION BY CREDITORS DOMENICK CIPOLLONE AND ANTHONY CIPOLLONE, TO (I) CHANGE VENUE TO UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA, OR (II) IN THE ALTERNATIVE TO DISMISS CHAPTER 11 CASE**

I, STEPHEN Z. STARR, declare as follows:

1. I am over 18 years of age. My business address is 260 Madison Ave., 17th Floor, New York, New York 10016.

2. I am a member of the Bar of this Court and am a member of Starr & Starr, PLLC.

3. I represent creditors Domenick Cipollone and Anthony Cipollone in the above-captioned chapter 11 case (the "Bankruptcy Case") of debtor Virginia True Corporation (the "Debtor").

4. This declaration is being submitted in support of the motion seeking entry of order (a) changing the venue of the Debtor's Bankruptcy Case pursuant to 28 U.S.C. §§ 1408(a)(1) and 1412, and Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure, to the United States Bankruptcy

Court for the Eastern District of Virginia (Richmond Division), or (b) in the alternative for an order of dismissal pursuant to section 1112(b)(1) of the Bankruptcy Code on the grounds that (i) the Debtor does not have its domicile, residence, principal place of business or principal assets in this district, (ii) or alternatively, that venue of the Debtor's case should be transferred to the United States Bankruptcy Court for the Eastern District of Virginia (Richmond Division) in interest of justice or for the convenience of the parties, or (iii) alternatively, that the Debtor's chapter 11 case should be dismissed.

5. This declaration is based upon my own personal knowledge, except as to such matters stated upon information and belief, and as to such matters I believe them to be true.

6. The Debtor is not authorized to conduct business in New York. I base the foregoing statement on the results of a search conducted on the website of the New York Secretary of State Department of Corporations regarding "Virginia True Corporation" which yielded the result "No business entities were found for Virginia True Corporation." A true and correct copy of the search results are attached hereto as **Exhibit A**.

7. The building at the address that was used in connection with the Debtor's Bankruptcy Case of 2689 Pitkin Avenue, Brooklyn, New York, 11208 appears to be a three story building with a grocery store on the ground floor. I base the foregoing statement upon an Internet search of that address and a picture obtained from a website know as Loopnet.com. A true and correct copy of the search results are attached hereto as **Exhibit B**.

8. Based on a TLOxp[1] "real property" search of 2689 Pitkin Ave., Brooklyn, NY 11208, there appear to be seven (7) corporations or business entities associated with this address, but none is the Debtor. A true and correct excerpt of the search results are attached hereto as **Exhibit C**.

---

[1] As described on its website, Trans Union's TLOxp product provides as "advanced linking algorithms [which] scour billions of public and proprietary records—on an estimated 95% of the U.S. population—to deliver a comprehensive profile of people or businesses in seconds."

9. Of the seven corporations or business entities referred in the prior paragraph, at least three (3) appear to be associated with the President of the Debtor, Benito R. Fernandez a/k/a B.R. Fernandez, as follows:

a) 578 Van Siclen Ave. Corp. *See* New York State Secretary of State, Division of Corporations search result attached hereto as **Exhibit D**;

b) Horizons Investors Corp. *See* New York State Secretary of State, Division of Corporations search result attached hereto as **Exhibit E**; and

c) MRI Enterprises Inc. *See* copy of "Decision After Trial" rendered in an action in New York Supreme Court, Suffolk County (Index No. 17029-05), dated March 9, 2016, rendered by Hon. Elizabeth Hazlitt Emerson, Justice Supreme Court attached hereto as **Exhibit F** (as downloaded from https://www.courtlistener.com/wpd/2016/03/09/bonanni_v._horizons_invs._corp..wpd last visited on June 20, 2019).

10. Attached hereto as **Exhibit G** is a true and correct copy of the Debtor's bankruptcy petition [ECF No. 1].

11. Attached hereto as **Exhibit H** is a true and correct copy of the Affidavit of Benito Fernandez, sworn to as of May 3, 2019 [ECF No. 2].

12. Attached hereto as **Exhibit I** is a true and correct copy of the Debtor's Schedules and Statement of Financial Affairs [ECF No. 11].

13. The majority of the Debtor's creditors are based in Virginia. I make the foregoing statement based on reviewe of Schedules D, E. and F. *See* **Exhibit I** hereto.

Executed at New York, New York on June 20, 2019.

By: /s /Stephen Z. Starr
Stephen Z. Starr

[Pursuant to 28 U.S.C. § 1746 an unsworn declaration under
penalty of perjury may be used in lieu of a sworn affidavit]