| | |
|---|---|
| Stephen Z. Starr, Esq.<br>STARR & STARR, PLLC<br>260 Madison Ave., 17th Floor<br>New York, New York 10016<br>tel. (212) 867-8165<br>fax.  (212) 867-8139<br>email sstarr@starrandstarr.com | **Hearing Date/Time**:<br>July 11, 2019 at 11:45 a.m.<br><br>**Objection Deadline**:<br>July 5, 2019 at 5:00 pm |

*Attorneys for Creditors Domenick Cipollone*
  *and Anthony Cipollone*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

  VIRGINIA TRUE CORPORATION,

                          Debtor.

Chapter 11 Case No.:

1-19-42769 (NHL)

---

**MEMORANDUM OF LAW OF IN SUPPORT OF  MOTION BY CREDITORS DOMENICK CIPOLLONE AND ANTHONY CIPOLLONE, TO (I) CHANGE VENUE TO UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA, OR (II) IN THE ALTERNATIVE TO DISMISS CHAPTER 11 CASE**

---

**CONTENTS**

**I.     STATEMENT OF FACTS** .................................................................................................. 2

**II.    JURISDICTION, VENUE & RELATED MATTERS** ...................................................... 3

**III.   BASIS FOR THE RELIEF REQUESTED** ...................................................................... 3

  **A.   The Debtor Lacks a Legitimate Basis for Venue in this District** ................................ 3

    **a)      The Domicile of the Debtor is Virginia** ................................................................ 4

    **b)     Residence Does Not Apply to Corporate Entities Only Real Persons** .................... 5

    **c)     The Debtor's Principal Place of Business is Virginia as is the Location of its Principal Assets** ........................................................................................................ 6

  **B.   Alternatively, the Court Should Transfer the Case In the** ........................................... 7

**Interests of Justice and for the Convenience of the Parties** .................................................. 7

  **C.   Alternatively, the Court Should Dismiss the Case** ........................................................ 10

**CASES**

*Enron Corp. v. Arora* (*In re Enron Corp.*), 317 B.R. 629, 637 (Bankr. S.D.N.Y. 2004) ................ 8

*Gulf States. Exploration Co. v. Manville Forest Prod. Corp. (In re Manville Forest Prod. Corp.)*,
   896 F.2d 1384, 1391 (2d Cir.1990) ............................................................................... 8

*Houghton Mifflin Harcourt Pub'g Co.*, 474 B.R. 122, 134 (Bankr. S.D.N.Y. 2012)...................... 7

*In re B.L. of Miami, Inc.*, 294 B.R. 325, 328 (Bankr.D.Nev.2003).................................................. 4

*In re Commonwealth Oil of Puerto. Rico, supra*, 596 F.2d at 1247................................................ 9

*In re Dunmore Homes, Inc.*, 380 B.R. 663 (Bankr. S.D.N.Y., 2008)(Glenn, J.) ............................. 4

*In re Geauga Trenching Corp.*, 110 B.R. 638, 654 (Bankr. E.D. N.Y., 1990) ................................ 8

*In re Houghton Mifflin Harcourt Pub'g Co.*, 474 B.R. 122, 134 (Bankr. S.D.N.Y., 2012) ............ 5

*In re Segno Commc'ns, Inc.,* 264 B.R. 501, 505 (Bankr. N.D.Ill.2001)........................................... 4

*In re Steele*, 323 B.R. 776 (Bankr. N.D. Fla., 2004) ....................................................................... 6

*In re Waits*, 70 B.R. 591, 594-595 (Bankr. S.D.N.Y., 1987) .......................................................... 8

**STATUTES**

101(51B) of Title 11 of the United States Code............................................................................. 6

11 U.S.C. § 101................................................................................................................................ 6

1406 of Title 28 of the United States Code.................................................................................... 7

28 U.S.C. § 1406............................................................................................................................. 7

28 U.S.C. § 1408............................................................................................................................. 4

28 U.S.C. § 1409............................................................................................................................. 3

28 U.S.C. § 1412............................................................................................................................. 7

28 U.S.C. § 157(b) .......................................................................................................................... 3

28 U.S.C. §§ 1408(a)(1) and 1412 .................................................................................................. 2

8 U.S.C. §§ 157 and 1334 ............................................................................................................... 3

Bankruptcy Code § 1112(b)(1) ..................................................................................................... 10

Bankruptcy Code § 1112(b)(4(A) ................................................................................................. 11

Bankruptcy Code § 1112(b)(4)(B) ................................................................................................ 11

section 1112(b)(1) of the Bankruptcy Code.................................................................................... 2

section 1408 of Title 28 of the United States Code ....................................................................... 3

Section 1412 of Title 28 of the United States Code....................................................................... 7

**RULES**

Bankruptcy Rule 1014(a)(2) ......................................................................................................... 10

Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure ............................................... 2, 7

**TREATISES**

1 COLLIER ON BANKRUPTCY ¶ 4.01[2][b] (15th ed. rev. 2007) ............................................. 4

Creditors Domenick Cipollone and Anthony Cipollone (collectively, the "Cipollones") submit this memorandum of law in support of their motion ("Motion") for an order for an order (a) changing the venue of the chapter 11 case of the debtor Virginia True Corporation ("Debtor") pursuant to 28 U.S.C. §§ 1408(a)(1) and 1412, and Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure, to the United States Bankruptcy Court for the Eastern District of Virginia (Richmond Division), or (b) in the alternative for an order of dismissal pursuant to section 1112(b)(1) of the Bankruptcy Code on the grounds that (i) the Debtor does not have its domicile, residence, principal place of business or principal assets in this district, (ii) or alternatively, that venue of the Debtor's case should be transferred to the United States Bankruptcy Court for the Eastern District of Virginia (Richmond Division) in interest of justice or for the convenience of the parties, or (iii) alternatively, that the Debtor's chapter 11 case should be dismissed.

## I.  STATEMENT OF FACTS

1.  The factual grounds for the Motion is set forth in (a) the declaration of Domenick Cipollone, dated as of June 20, 2019 (the "Cipollone Decl."), filed concurrently herewith, (b) the declaration of David K. Paylor on behalf of Virginia Department of Environmental Quality, dated as of June 18, 2019 (the "Paylor Decl."), filed concurrently herewith; (c) the declaration of Frank Degnan, Secretary/ Treasurer of creditor McKenzieSnyder, Inc., dated as of June 10, 2019 (the "Degnan Decl."), filed concurrently herewith; (d) the declaration of Lester George on behalf of creditor George Gold Design, LLC, dated as of June 13, 2019 (the "George Decl."), filed concurrently herewith; (e) the declaration of Robert C. Smith on behalf of creditor Robert C. Smith, PLC, dated as of June 11, 2019 (the "Smith Decl."), filed concurrently herewith; (f) the declaration of J. Rawleigh Simmons on behalf of creditor River Title & Escrow, LLC, dated as of

June 20, 2019 (the "Simmons Decl."), filed concurrently herewith; and (g) and the declaration of Stephen Z. Starr, Esq., dated as of June 20, 2019 (the "Starr Decl." and with the Cipollone Decl., the Paylor Decl, the Degnan Decl., the George Decl., and the Smith Decl., collectively, the "Declarations"), filed concurrently herewith.  The Court is respectfully referred to the Declarations for a recitation of the facts relevant to the Motion.

## II. JURISDICTION, VENUE & RELATED MATTERS

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is not proper in this district, pursuant to 28 U.S.C. § 1409, and the Motion seeks to change venue to the United States Bankruptcy Court for the Eastern District of Virginia (Richmond Division) (the "Virginia Bankruptcy Court").

## III. BASIS FOR THE RELIEF REQUESTED

### A. The Debtor Lacks a Legitimate Basis for Venue in this District

4. Venue of chapter 11 bankruptcy cases is governed by section 1408 of Title 28 of the United States Code, which provides that:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—
> 
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408.

5. Section 1408 is written in the disjunctive making venue proper in any of the listed locations. *In re Dunmore Homes, Inc.*, 380 B.R. 663 (Bankr. S.D.N.Y., 2008)(Glenn, J.), citing to *In re Segno Commc'ns, Inc.,* 264 B.R. 501, 505 (Bankr. N.D.Ill.2001) (finding any of the four is jurisdictionally sufficient).

6. Turning to each of the four (4) bases for venue stated in the statute (i.e., domicile, residence, principal place of business in the United States, or principal assets in the United States) makes clear that venue of the Debtor's case is not proper in this district.

### a) **The Domicile of the Debtor is Virginia**

7. A corporation's domicile is generally held to be its state of incorporation. *In re Dunmore Homes, Inc.*, 380 B.R. 663 (finding venue proper in Southern District of New York because debtor was incorporated in New York), citing to *In re B.L. of Miami, Inc.,* 294 B.R. 325, 328 (Bankr.D.Nev.2003) (finding venue in Nevada proper because it was the state of incorporation); 1 COLLIER ON BANKRUPTCY ¶ 4.01[2][b] (15th ed. rev. 2007).

8. In the Debtor's case, the Debtor is incorporated in the Commonwealth of Virginia and has never been incorporated in New York. *See* Cipollone Decl., ¶¶ 40 - 43. In fact, the Debtor is not authorized to conduct business in New York. *See* Starr Decl., ¶ 6 and **Exhibit A** thereto.

9. The address that was used in connection with this bankruptcy case of 2689 Pitkin Avenue, Brooklyn, New York, 11208 (the "Fernandez Address"), appears to be an address of other entities affiliated with Benito R. Fernandez, the President of the Debtor. The building at

the Fernandez Address appears to be a three story building with a grocery store on the ground floor. *See* Starr Decl., ¶ 7 and **Exhibit B** thereto. Based on a TLOxp[1] "real property" search of 2689 Pitkin Ave., Brooklyn, NY 11208, there appear to be seven (7) corporations or business entities associated with this address, but none is the Debtor. *See* Starr Decl., ¶ 8 and **Exhibit C** thereto.  Of the seven corporations or business entities, at least three (3) appear to be associated with the President of the Debtor, Benito R. Fernandez a/k/a B.R. Fernandez: 578 Van Siclen Ave. Corp. (*see* Starr Decl., ¶ 9(a) and **Exhibit D** thereto), Horizons Investors Corp. (*see* Starr Decl., ¶ 9(b) and **Exhibit E** thereto), and MRI Enterprises Inc. (see Starr Decl., ¶ 9(c) and **Exhibit F** thereto).

10. The fact that the President of the Debtor, Benito R. Fernandez, may have other businesses with which he is affiliated that operate out of the Fernandez Address is not germaine to the issue of whether the Debtor's venue in this district is appropriate.  The address that was used by the Debtor in numerous filings with the Commonwealth of Virginia State Corporation Commission was never the Fernandez Address and was always a Virginia address. *See*, Cipollone Decl., ¶¶ 40 - 43  and **Exhibits G** to **I** thereto.

    **b)**     **Residence Does Not Apply to Corporate Entities Only Real Persons**

11. Residence is a concept that applies to real persons and not to corporations. *In re Houghton Mifflin Harcourt Pub'g Co.*, 474 B.R. 122, 134 (Bankr. S.D.N.Y., 2012) ("the Court would have to find that 'residence' has applicability to a business entity like a corporation (as contrasted to a human being) and that, for a business entity, 'residence' has meaning as something different from (and less than) principal place of business and principal assets.  From a

---

[1] As described on its website, Trans Union's TLOxp product provides as "advanced linking algorithms [which] scour billions of public and proprietary records—on an estimated 95% of the U.S. population—to deliver a comprehensive profile of people or businesses in seconds."

textual analysis perspective, it is obvious that Congress regarded principal place of business and principal assets as of great importance, and there is no reason to believe that Congress intended residence to provide an exception for business entities that would undercut the principal place of business and principal assets standards it had expressly articulated."); *see also In re Steele*, 323 B.R. 776 (Bankr. N.D. Fla., 2004)(explaining residence requirements as applied to natural persons for purposes of section 1408).

12. Residence is not relevant to the Court's determination of the Motion because the Debtor is not a natural person.

### c) The Debtor's Principal Place of Business is Virginia as is the Location of its Principal Assets

13. The Debtor is a "single asset real estate" debtor within the meaning of section 101(51B) of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"). *See* Debtor's bankruptcy petition ("Voluntary Petition for Non-Individuals Filing for Bankruptcy"), ¶7, [ECF No. 1], a true copy of which is attached to the Starr Decl. as **Exhibit G**.

14. The Debtor is the owner of record of a parcel consisting of approximately 1,000 acres of real estate in Richmond County, Virginia (the "Real Property"). *See* Cipollone Decl., ¶ 8.

15. The Debtor was formed for the purpose of a contemplated real estate development project involving the Real Property. *See generally*, Cipollone Decl., *see also*, Affidavit of Benito Fernandez, ¶ 2, sworn to as of May 3, 2019 [ECF No. 2], copy attached to Starr Decl. as **Exhibit H**. The Debtor has no current business revenue and has not had income in the last two years (or prior to that time since its formation). *See*, Statement of Financial Affairs, ¶ 1 [ECF No. 11], copy attached to Starr Decl. as **Exhibit I** and Cipollone Decl. ¶ 50. The Debtor has no business in New York.

16. Under such circumstances the evidence is clear that the location of the Debtor's principal place of business and principal assets are both Virginia and not New York. Accordingly venue does not lie in this district under a "principal place of business" or "principal assets" standard.

17. In addition, Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides:

> *Cases Filed in Improper District*. If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

18. Finally, section 1406 of Title 28 of the United States Code provides that, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. *Houghton Mifflin Harcourt Pub'g Co.*, 474 B.R. 122, 134 (Bankr. S.D.N.Y. 2012)("Thus the Court concludes that § 1406 applies, at least in the first instance, if the Court cannot find one of § 1408's five bases for venue to have been satisfied.")

19. Based on the foregoing standards the Cipollones respectfully represent that venue does not lie in this district and the Bankruptcy Case should be transferred to the Virginia Bankruptcy Court.

**B.** **Alternatively, the Court Should Transfer the Case In the Interests of Justice and for the Convenience of the Parties**

20. Section 1412 of Title 28 of the United States Code provides that, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the

interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Section 1412 is worded in the disjunctive allowing a case to be transferred under either the interest of justice rationale or the convenience of parties rationale. *Enron Corp. v. Arora (In re Enron Corp.)*, 317 B.R. 629, 637 (Bankr. S.D.N.Y. 2004).

21. In considering change of venue motions pursuant to section 1412, courts often look to the criteria established in the cases of *Gulf States. Exploration Co. v. Manville Forest Prod. Corp. (In re Manville Forest Prod. Corp.),* 896 F.2d 1384, 1391 (2d Cir.1990); and *Commonwealth of Puerto. Rico v. Commonwealth Oil Refining Co., Inc. (Matter of Commonwealth Oil Refining Co., Inc.),* 596 F.2d 1239, 1241 (5th Cir. 1979); *see also In re Waits*, 70 B.R. 591, 594-595 (Bankr. S.D.N.Y., 1987)(collecting cases); *In re Geauga Trenching Corp.*, 110 B.R. 638, 654 (Bankr. E.D. N.Y., 1990).

22. In *Manville Forest Products*, the Second Circuit found that "[t]he 'interest of justice' component of Sec. 1412 is a broad and flexible standard which must be applied on a case-by-case basis. It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness." In the Debtor's Bankruptcy Case all of these factors would be promoted by transfer to the Virginia Bankruptcy Court. The Debtor is a single asset real estate debtor which has as its sole asset the Real Property in Richmond County Virginia. The majority of the Debtor's creditors are located in Virginia. *See*, Starr Decl., ¶ 13 and **Exhibit I** thereto. In addition, a number of creditors have signed declarations in support of the Motion. *See* Declarations. The Bankruptcy Case is still at an early stage as the Debtors' meeting of creditors just took place on June 10, 2019 and the Debtor's Initial Case Management conference just took place on June 13, 2019.

23.     Regarding the "convenience of the parties,'" the six recognized considerations are: 1) proximity of creditors of every kind to the court, 2) proximity of the Debtor, 3) proximity of witnesses necessary to administration of the estate, 4) location of the assets, 5) economic administration of the estate, and 6) necessity for ancillary administration in the event of liquidation. *See In re Commonwealth Oil of Puerto. Rico, supra,* 596 F.2d at 1247.

24.     Each of these factors will be evaluated in turn below:

a) <u>proximity of creditors of every kind to the court</u> - The majority of the Debtors' creditors are located in Virginia. The Cipollones are located in New York but would like the Bankruptcy Case transferred to the Virginia Bankruptcy Court as they believe there is no relationship of the case to New York. The Debtor's largest creditor, Diatomite Corporation of America, although listed with a Florida address on the Debtor's schedules is listed in the records of the Commonwealth of Virginia as a Maryland corporation and in Maryland corporate records as based in Salisbury, Maryland. In any event, the Virginia Bankruptcy Court will be closer to all creditors than the Eastern District of New York, with the exception of the Cipollones themselves. As to the Cipollones they believe the Debtors' Bankruptcy Case should be in the Virginia Bankruptcy Court.

b) <u>proximity of the Debtor</u> - The Debtor is a Virginia corporation based in Virginia. It is in proximity to the Virginia Bankruptcy Court.

c) <u>proximity of witnesses necessary to administration of the estate</u> - All of the witnesses necessary to the administration of the Debtor's estate appear to be in Virginia or close to Virginia, with the exception of the Cipollones who believe the Debtor's Bankruptcy Case should be in Virginia and the Debtor's President, Benito

Fernandez, is located in New York. However, the fact that Mr. Fernandez may have other business located in this district is not material. He is the one who chose to associate himself with the Debtor which is a Virginia corporation with its assets in Virginia.

    d) <u>location of assets</u> - The Debtor's assets are in the district in which the Virginia Bankruptcy Court is located.

    e) <u>economic administration of the estate</u> - The Debtor's estate can be economically administered in the Virginia Bankruptcy Court.

    f) <u>necessity for ancillary administration in the event of liquidation</u> - It is not anticipated that there would be a need for ancillary administration in the event of liquidation. However, in the event of liquidation of the Debtor it will make sense to have a trustee appointed who is familiar with region and with handling real property liquidation cases in Richmond County. That would be on a chapter 7 trustee on the trustee panel in the Virginia Bankruptcy Court.

25. Based on the foregoing standards the Cipollones respectfully represent that the Court should transfer venue of the Debtor's Bankruptcy Case to the Viriginia Bankruptcy Court in the interest of justice or for the convenience of the parties.

 C. <u>**Alternatively, the Court Should Dismiss the Case**</u>

26. Bankruptcy Rule 1014(a)(2) provides for dismissal or transfer to another district. In addition, Bankruptcy Code § 1112(b)(1) provides the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interest of creditors and the estate." The Cipollones do not believe that conversion of the Bankruptcy Case to a case under

chapter 7, or the appointment of a trustee or examiner would be in the best interest of creditors and the estate.

27. However, in the event that the Court does not decide to transfer venue to the Virginia Bankruptcy Court the Cipollones believe that dismissal of the Bankruptcy Case would be in the best interests of the creditors and the estate. The cause for such dismissal would be "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" (Bankruptcy Code § 1112(b)(4)(A)) and "gross mismanagement of estate" (Bankruptcy Code § 1112(b)(4)(B)).

28. As set forth in the Cipollone Decl., other than the $5 million in funds received from the Cipollones, the management of the Debtor, Messrs. Kleinhendler and Fernandez failed to subsequently obtain any additional equity investors or obtain loan financing at any time from May 2017 to the present. There is no reason to realistically expect that if over a two (2) year period they were entirely unable to raise any equity or loan financing, that now they are in chapter 11 bankruptcy and the Debtor has also been the subject of environmental law violations involving the activities at the Real Property, that they will now be able to do so. *See* Cipollone Decl., ¶ 50. Indeed, the fact that as of the filing of this Motion the only potential source of funding that the Debtor has been able to obtain is a $100,000 proposed debtor in possession loan from its President, Mr. Fernandez (see ECF No. 23), belies the fact that the Debtor will not be likely to be able to raise additional equity investors funds or obtain loan financing from any outside sources while it is in bankruptcy.

29. For the foregoing reasons, in the event that the Court does not decide to transfer venue to the Virginia Bankruptcy Court the Cipollones believe that dismissal of the Bankruptcy Case would be in the best interests of the creditors and the estate.

-11-

**WHEREFORE**, based on the foregoing it is respectfully requested that the Motion be approved and that the Court enter an order (a) pursuant to 28 U.S.C. § 1408 transferring the venue of the Debtor's Bankruptcy Case to the Virginia Bankruptcy Court on the grounds that venue is not proper in this district, or (b) in the alternative, pursuant to 28 U.S.C. § 1412 transferring the venue of the Debtor's Bankruptcy Case to the Virginia Bankruptcy Court in the interest of justice or for the convenience of the parties, or (c) in the alternative, pursuant to Bankruptcy Rule 1014(a)(2) and Bankruptcy Code § 1112(b)(1), dismissing the Debtor's Bankruptcy Case for cause as in the best interest of creditors and the estate.

Dated: New York, New York
      June 20, 2019                    By:    /s/  Stephen Z. Starr
                                               Stephen Z. Starr, Esq.
                                               STARR & STARR, PLLC
                                               260 Madison Ave., 17th Floor
                                               New York, New York 10016
                                               tel.:  (212) 867-8165
                                               fax.:  (212) 867-8139
                                               email sstarr@starandstarr.com

                                               *Attorneys for Creditors Domenick Cipollone*
                                                  *and Anthony Cipollone*