| | |
|---|---|
| Stephen Z. Starr, Esq.<br>STARR & STARR, PLLC<br>260 Madison Ave., 17th Floor<br>New York, New York 10016<br>tel. (212) 867-8165<br>fax. (212) 867-8139<br>email sstarr@starrandstarr.com | **Hearing Date/Time**:<br>Juny 27, 2019 at 2:00 p.m. |

*Attorneys for Creditors Domenick Cipollone*
 *and Anthony Cipollone*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>VIRGINIA TRUE CORPORATION,<br><br>       Debtor. | Chapter 11 Case No.:<br><br>1-19-42769 (NHL) |

**LIMITED OBJECTION OF CREDITORS DOMENICK CIPOLLONE
AND ANTHONY CIPOLLONE TO DEBTOR'S MOTION FOR ENTRY
OF AN ORDER AUTHORIZING DEBTOR TO OBTAIN UNSECURED
POST-PETITION FINANCING ON AN INTERIM AND FINAL BASIS
FROM BENITO R. FERNANDEZ**

   Domenick Cipollone and Anthony Cipollone (collectively, the "Cipollones"), creditors herein, by and through their attorneys, Starr & Starr, PLLC, as and for their limited objection to the Debtor's Motion for Entry of an Order Authorizing Debtor to Obtain Unsecured Post-Petition Financing on an Interim and Final Basis from Benito R. Fernandez (the "Motion") hereby set forth and represent as follows:

### I. INTRODUCTORY STATEMENT

   1. Virginia True Corporation (the "Debtor") is a "single asset real estate" debtor within the meaning of section 101(51B) of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the

"Bankruptcy Code"). *See* Debtor's bankruptcy petition ("Voluntary Petition for Non-Individuals Filing for Bankruptcy"), ¶7, [ECF No. 1].

2. The Debtor was formed in March 2017 for the purpose of acquiring and developing a 977 acre parcel of land in Richmond County, Virginia (the "(the "Real Property"). *See* Motion, ¶ 2. The Debtor presently has no operating revenues (i.e., no income). *See* Motion, ¶ 3.

3. The Cipollones are former shareholders of the Debtor who provided a $5,000,000 equity investment in the Debtor that later was converted to a deed of trust on the Real Property.

4. On June 20, 2019 the Cipollones filed their *Motion by Creditors Domenick Cipollone and Anthony Cipollone, to (I) Change Venue to United States Bankruptcy Court for The Eastern District of Virginia, or (II) in the Alternative to Dismiss Chapter 11 Case,* (b) *Motion by Creditors Domenick Cipollone and Anthony Cipollone, to (I) Change Venue to United States Bankruptcy Court for The Eastern District of Virginia, or (II) in the Alternative to Dismiss Chapter 11 Case* (the "Motion to Change Venue or Dismiss") [ECF No. 26] which is scheduled for hearing before this Court on July 11, 2019 at 11:45 a.m.

## II.    JURISDICTION, VENUE & RELATED MATTERS

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

6. The Cipollones do not believe that venue is not proper in this district, pursuant to 28 U.S.C. § 1409, and the Motion to Change Venue or Dismiss seeks to change venue to the United States Bankruptcy Court for the Eastern District of Virginia (Richmond Division).

### III. <u>LIMITED OBJECTION</u>

**A. No Evidence of Insider's Pre-Petition Debt to the Debtor & Why Loan <u>Should be Authorized Instead of an Equity Investment from Mr. Fernandez</u>**

7. The proposed lender under the motion is Benito R. Fernandez ("<u>Mr. Fernandez</u>"). Mr. Fernandez is the President of the Debtor. *See* Affidavit of Benito Fernandez, ¶ 1, sworn to as of May 3, 2019 [ECF No. 2]. Mr. Fernandez is a shareholder of the Debtor who holds 50% of the Debtor's stock. *See* List of Equity Security Holders [ECF No. 11]. Mr. Fernandez is an insider of the Debtor within the meaning of Bankruptcy Code § 101(31)(B).

8. The Debtor has represented in the Motion that "the Lender is owed amounts totaling $950,000 by the Debtor on account of loans made to the Debtor prior to the Petition Date." *See* Motion, ¶ 11. The only support for this allegation is that the Debtor has also filed schedules listing him as a creditor. However, as an equity holder of the Debtor is not clear why Mr. Fernandez made "loans" to the Debtor rather than an equity investment on a pre-petition basis.

9. Furthermore, the Shareholders Agreement entered into as of April 27, 2017, between the Cipollones, Mr. Fernandez and Howard Kleinhendler, provided that without the consent of the Cipollones the Debtor was not authorized to incur any indebtedness or loans above $500,000. *See*, Shareholder Agreement, ¶ 9.1(iv)[a true copy of which is attached as Exhibit A to the Declaration of Domenick Cipollone filed in support of the Motion to Change Venue or Dismiss [ECF No. 27-1]]. The Cipollones never provided consent to the Debtor to incur an obligation to Mr. Fernandez in excess of $500,000 during the time they were shareholders of the Debtor. In addition, during the period they were shareholders of the Debtor the Cipollones were not provided with requested financial statements and financial information regarding the Debtor and which they had a right to see under the Shareholders Agreement.

10. Accordingly, the Cipollones have never been provided with proof or substantiation of the alleged loans or indebtedness of the Debtor to Mr. Fernandez totaling $950,000, nor has such

evidence been provided in connection with the Motion. If Mr. Fernandez has the ability to provide funds to the Debtor it is not clear (a) why he did not do so on pre-petition basis, and (b) why he needs to do so as a lender at this juncture and not as an equity investment since he will personally benefit from the Debtor's successful reorganization. Transaction between a debtor in bankruptcy and an insider are "subject to greater scrutiny than `arms length' transactions . . ." *Pepper v. Litton*, 308 U.S. 295, 306, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939)); *see also In re Alpha Corp. of Virginia*, 979 F.2d 847 (4th Cir., 1992).

        **B.**        **No Budget Is Provided In Support of the Motion**

11.    The "lender" is not a third-party, bank or financial institution, but rather is an insider of the Debtor. As the Court is well aware a third-party lender would almost invariably require that a chapter 11 debtor be subject to a budget and that borrowed funds be used solely for purposes specified in the budget. Here there is no proposed budget and it is not clear what the proposed use and disposition of the $100,000 will be. As an insider of the debtor will be receiving an administrative priority for this "loan" the Cipollones believe that is important that some budget or restraint be placed upon the funds other than the funds can be used in the ordinary course of business of the Debtor.

12.    The Cipollones have no objection to the Court authorizing disbursement on an interim basis of some specified amount of the proposed loan funds (such as $10,000) pending final hearing, but respectfully submit that prior to final approval the proposed use and disposition of the loan funds should be disclosed and a proposed budget provided.

**WHEREFORE**, based on the foregoing the Cipollones respectfully request that this Court not grant the Motion on a final basis before (a) Mr. Fernandez provide satisfactory evidence to the Court regarding the alleged $950,000 in loans he made to the Debtor on a pre-petition basis and disclosure of the amount of any equity investment, if any, he has made in the Debtor, (b) the Debtor provide a satisfactory explanation as to why it needs to incur a debt to one if its equity holders to obtain further

funds and why the equity holder cannot make a further equity investment, and (c) the proposed use and disposition of the funds and a proposed budget provided.

Dated: New York, New York
      June 26, 2019                     By:    /s/ Stephen Z. Starr
                                                 Stephen Z. Starr, Esq.
                                                 STARR & STARR, PLLC
                                                 260 Madison Ave., 17th Floor
                                                 New York, New York 10016
                                                 tel.: (212) 867-8165
                                                 fax.: (212) 867-8139
                                                 email sstarr@starandstarr.com

                                                 *Attorneys for Creditors Domenick Cipollone*
                                                      *and Anthony Cipollone*