Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

Hearing Date: June 27, 2019
Time: 2:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

VIRGINIA TRUE CORPORATION,

         Debtor.
-------------------------------------------------------x

Chapter 11
Case No. 19-42769 (NHL)

## DEBTOR'S RESPONSE TO OBJECTIONS TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO OBTAIN UNSECURED POST-PETITION FINANCING ON AN INTERIM AND FINAL BASIS FROM BENITO R. FERNANDEZ AND GRANTING RELATED RELIEF

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

    Virginia True Corporation, the debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned counsel, as and for its response to the: (a) Limited Objection of Domenick Cipollone and Anthony Cipollone (collectively, the "Cipollones"); (b) Objection of Robert C. Smith, PLC and Robert C. Smith (collectively, "Smith"); and (c) the objection of Diatomite Corporation of America ("Diatomite"), interposed in connection with the Debtor's motion (the "Motion") for entry of an Order authorizing the Debtor to obtain unsecured post-petition financing from Benito R. Fernandez on an interim and final basis in the amount of up to $100,000 for the purposes of funding operating expenses and capital expenditures and as an ordinary (*i.e.*, as opposed to a "superpriority") administrative expense of the Debtor's estate, and granting related relief, respectfully represents and alleges as follows:

1. Respectfully, the objections to the Motion are without merit and the respective assertions made by the Cipollones, Smith and Diatomite therein can be summarily addressed as follows:

    (a) The Debtor proposes to adhere to the following budget with regard to the proposed DIP Financing: (1) $10,000 per month in project management/property maintenance expenses (by way of example only, insurance on the property of approximately $7,000 to be immediately paid); (2) a total of between $25,000 and $50,000 in fees, (by way of example only, to pay engineers, surveyors and other professionals to deal with issues raised by the Virginia Department of Environmental Quality and the Virginia State Water Control Board to remediate the 13 acres of cleared land); (3) to assist the Debtor in obtaining additional financing and reorganizing its financial affairs; and (4) ordinary and everyday expenses to attend to issues related to the development of the property including obtaining an updated appraisal, travel expenses and other miscellaneous costs generally incurred in any Chapter 11 case. Also, the Debtor has agreed with the United States Trustee that any interim borrowings under the DIP Financing will be limited to $15,000 (with the interest factor, if any, to be further discussed) pending a final hearing;

    (b) The $500,000 cap on loans or other obligations of the Debtor stated under the Shareholders Agreement did not apply to shareholder loans. In any event, any issues regarding any pre-petition loans are irrelevant to the relief requested by way of the Motion;

    (c) Smith has no standing to object to the Motion as he has no valid claim against the Debtor. Specifically, on April 2, 2018, Smith filed a complaint with the Circuit Court of Richmond County, Virginia, commencing an action entitled *Robert C. Smith, PLC, et al. v. Virginia True Corporation, et al.*, Case No. CL18-58, seeking to recover legal fees allegedly owed by the Debtor (the "Action"). However, said complaint was not immediately served by Smith. Rather, Smith attempted to serve the complaint, along with a summons, upon the Debtor on or about May 6, 2019, *i.e.*, after the filing of the Debtor's petition on May 3, 2019. More importantly, under Virginia Law, Smith's failure to make service of the summons and complaint within one (1) year after the commencement of the Action will result in its dismissal with prejudice. *See* Va. Code. §8.01-277(B). As such, Smith's objection to the Motion should be disregarded by the Court;

    (d) Diatomite acknowledges that the property consists of approximately 977 acres of undeveloped non-income producing land. Diatomite also acknowledges that Mr. Fernandez had testified that the remediation obligations are approximately not less than $5,000 per month (i.e. $5,000

to $10,000/ monthly) (See paragraph 14 of the Diatomite Objection). Diatomite also cannot dispute that the Debtor will be and has been incurring post-petition monetary obligations (i.e. insurance) which must be paid. Full disclosure of the use of the money (dollar for dollar) will be fully reflected in the Debtor's monthly operating reports. Mr. Fernandez is prepared to testify as to the use of the money at the final hearing on the DIP Financing Motion; and

(e) The Debtor is in the process of finalizing a $2,000,000 debtor-in-possession financing facility which, once approved, will permit the Debtor to complete "Phase 2" of the development project which will correspondingly generate investor interest in the property so as to fund the completion of the entire project.

2. Accordingly, it is respectfully requested that the Court grant the Motion in its entirety along with such other and further relief as may be just and proper.

Dated: New York, New York
June 27, 2019

**PICK & ZABICKI LLP**
Counsel to the Debtor

By: ______________________
Douglas J. Pick, Esq.
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000