VIRGINIA:

## IN THE CIRCUIT COURT OF RICHMOND COUNTY

| | | |
|---|---|---|
| DAVID K. PAYLOR, Director of the Department of Environmental Quality, | ) ) ) | |
| and | ) ) | |
| STATE WATER CONTROL BOARD, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: |
| VIRGINIA TRUE CORPORATION, | ) ) | |
| Serve:  United Corporate Services, Inc. 7705 Yolanda Road Richmond, VA 23229 | ) ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiffs David K. Paylor, Director of the Department of Environmental Quality (the "Department" or "DEQ"), and the State Water Control Board (the "Board") (collectively the "Plaintiffs") bring this action against the Defendant Virginia True Corporation ("Defendant") for its repeated violations of the Commonwealth's environmental laws and regulations related to land disturbing activities at a site in Richmond County known as Fones Cliffs. Plaintiffs state the following in support of their Complaint:

## INTRODUCTION

1.    This is a civil action seeking injunctive relief and civil penalties brought pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.15:63, 62.1-44.23, and 62.1-44.32 for violations of the State Water Control Law, Va. Code §§ 62.1-44.2, *et seq.*, the Virginia Stormwater Management Act, Va. Code §§ 62.1-44.15:24, *et seq.*, the Virginia Erosion and

Sediment Control Law, Va. Code §§ 62.1-44.15:51, *et seq.*, the Virginia Stormwater Management Program (VSMP) Regulation, 9 VAC 25-890, *et seq.*, the Erosion and Sediment Control Regulations, 9 VAC 25-840, *et seq.*, and the General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities, 9 VAC 25-880-70.

## PARTIES

2.      The State Water Control Board (the "Board") is an agency of the Commonwealth of Virginia. The Board has the duty and authority to issue, revoke or amend certificates – i.e., permits, under prescribed conditions for the discharge of sewage, industrial wastes and other wastes into or adjacent to state waters and also to initiate administrative and civil enforcement actions to prevent pollution.

3.      David K. Paylor is the Director of the Department of Environmental Quality and the Executive Director of the Board. It is the duty of the Executive Director of the Board to exercise general supervision and control over the quality and management of all state waters and to administer and enforce the State Water Control Law, and all certificates, standards, policies, rules, regulations, rulings and special orders promulgated by the Board.

4.      Virginia True Corporation is a corporation licensed in Virginia with its principal office located at 2501 Monument Avenue, Richmond, Virginia 23220. Virginia True Corporation is the owner of property in Richmond County upon which the land disturbing activities have taken place (the "Site").

## VENUE

5.      The Circuit Court of Richmond County is the proper forum pursuant to Va. Code § 8.01-261 (1)(b) & (c).

## STATUTORY AND REGULATORY AUTHORITY

6.     The purposes of the State Water Control Law are to (1) protect existing high quality state waters and restore all other state waters to such condition of quality that any such waters will permit all reasonable public uses and will support the propagation and growth of all aquatic life, including game fish, which might reasonably be expected to inhabit them; (2) safeguard the clean waters of the Commonwealth from pollution; (3) prevent any increase in pollution; and (4) reduce existing pollution. *See* Va. Code § 62.1-44.2.

7.     To accomplish these purposes, the State Water Control Law prohibits certain activities without a certificate or a permit issued by the Board. Specifically, the State Water Control Law provides that "[e]xcept in compliance with a certificate or permit issued by the Board or other entity authorized by the Board to issue a certificate or permit pursuant to [the State Water Control Law], it shall be unlawful for any person to...*[d]ischarge stormwater* into state waters from...*land disturbing* activities." *See* Va. Code §§ 62.1-44.5(A)(5)(emphasis added); *see also* 9 VAC 25-31-50(A)(3).

8.     In addition, "A person shall not conduct any land-disturbing activity until he has submitted a permit application to the [Virginia Stormwater Management Program] authority that includes a state VSMP permit registration statement, if such statement is required, and, after July 1, 2014, a stormwater management plan or an executed agreement in lieu of a stormwater management plan, and has obtained VSMP authority approval to begin land disturbance." Va. Code § 62.1-44.15:34(A).

9.     A "Virginia Stormwater Management Program authority" or "VSMP authority" means an authority approved by the Board after September 13, 2011, to operate a Virginia Stormwater Management Program or the Department. An authority may include a locality; state

entity, including the Department; federal entity; or, for linear projects subject to annual standards and specifications in accordance with subsection B of § 62.1-44.15:31, electric, natural gas, and telephone utility companies, interstate and intrastate natural gas pipeline companies, railroad companies, or authorities created pursuant to § 15.2-5102. *See* Va. Code § 62.1-44.15:24.

10.    "The Department shall operate a VSMP on behalf of any locality that does not operate a regulated [Municipal Separate Storm Sewer System] and that does not notify the Department, according to a schedule set by the Department, of its decision to participate in the establishment of a VSMP." Va. Code § 62.1-44.15:27(A).

11.    Richmond County does not operate a regulated Municipal Separate Storm Sewer System and has not notified the Department of its decision to participate in the establishment of a VSMP. Accordingly, the Department is the VSMP for properties in Richmond County including the Site.

12.    "A stormwater management plan consistent with the requirements of the Virginia Stormwater Management Act and regulations must be designed and implemented during construction activities. Prior to land disturbance, this plan must be approved by the VSMP authority." 9 VAC 25-870-54(C).

13.    In addition to a stormwater management plan, "[N]o person shall engage in any land disturbing activity until he has submitted to the [Virginia Erosion and Sediment Control Program] authority an erosion and sediment control plan for the land-disturbing activity and the plan has been reviewed and approved." Va. Code § 62.1-44.15:55(A).

14.    A "Virginia Erosion and Sediment Control Program authority" or "VESCP authority" means an authority approved by the Board to operate a Virginia Erosion and Sediment Control Program. An authority may include a state entity, including the Department; a federal

4

entity; a district, county, city, or town; or for linear projects subject to annual standards and specifications, electric, natural gas, and telephone utility companies, interstate and intrastate natural gas pipeline companies, railroad companies, or authorities created pursuant to § 15.2-5102. *See* Va. Code § 62.1-44.15:51.

15.    Richmond County is the approved VESCP authority for properties in Richmond County including the Site.

16.    "An erosion and sediment control plan consistent with the requirements of the Virginia Erosion and Sediment Control Law and regulations must be designed and implemented during construction activities. Prior to land disturbance, this plan must be approved by either the VESCP authority or the department in accordance with the Virginia Erosion and Sediment Control Law and attendant regulations." 9 VAC 25-870-54(B).

17.    "State waters" means all water, on the surface and under the ground, wholly or partially within or bordering the Commonwealth or within its jurisdiction, including wetlands. *See* Va. Code § 62.1-44.3.

18.    "Stormwater" means precipitation that is discharged across the land surface or through conveyances to one or more waterways and that may include stormwater runoff, snow melt runoff, and surface runoff and drainage. *See* Va. Code § 62.1-44:24.

19.    "Land disturbance" or "land-disturbing activity" means a man-made change to the land surface that potentially changes its runoff characteristics including clearing, grading, or excavation. *See id.*

20.    "State permit" means an approval to conduct a land-disturbing activity issued by the Board in the form of a state stormwater individual permit or coverage issued under a state general permit. Under these permits, the Commonwealth imposes and enforces requirements

pursuant to the federal Clean Water Act and regulations and [the Virginia Stormwater Management Act] and its attendant regulations. *See id.*

21.    "Stormwater management plan" means a document containing material describing methods for complying with the requirements of a Virginia Stormwater Management Program. *See id.*

22.    "Erosion and sediment control plan" or "plan" means a document containing material for the conservation of soil and water resources of a unit or group of units of land. It may include appropriate maps, an appropriate soil and water plan inventory and management information with needed interpretations, and a record of decisions contributing to conservation treatment. The plan shall contain all major conservation decisions to ensure that the entire unit or units of land will be so treated to achieve the conservation objectives. *See* Va. Code § 62.1-44.15:51.

23.    "Any person violating or failing, neglecting, or refusing to obey any rule, regulation, ordinance, approved standard and specification, order, or permit condition issued by the Board, Department, or [Virginia Stormwater Management Program] authority as authorized to do such, or any provisions of [the Virginia Stormwater Management Act], may be compelled in a proceeding instituted in any appropriate court by the Board, Department, or [Virginia Stormwater Management Program] authority where authorized to enforce [the Virginia Stormwater Management Act] to obey same and to comply therewith by injunction, mandamus, or other appropriate remedy." Va. Code § 62.1-44.15:42(A).

24.    "Any person who violates any provision of [the Virginia Stormwater Management Act] or of any regulation, ordinance, or standard and specification adopted or approved hereunder, including those adopted pursuant to the conditions of an MS4 permit, or who fails,

6

neglects, or refuses to comply with any order of a [Virginia Stormwater Management Program] authority authorized to enforce [the Virginia Stormwater Management Act], the Department, the Board, or a court, issued as herein provided, shall be subject to a civil penalty not to exceed $32,500 for each violation within the discretion of the court. Each day of violation of each requirement shall constitute a separate offense." Va. Code § 62.1-44.15:48(A).

25.    "Any person violating or failing, neglecting or refusing to obey any rule, regulation, order, water quality standard, pretreatment standard, or requirement of or any provision of any certificate issued by the Board, or by the owner of a publicly owned treatment works issued to an industrial user, or any provisions of [the State Water Control Law], except as provided by a separate article, may be compelled in a proceeding instituted in any appropriate court by the Board to obey same and to comply therewith by injunction, mandamus or other appropriate remedy." Va. Code § 62.1-44.23.

26.    "Except as otherwise provided in [the State Water Control Law], any person who violates any provision of [the State Water Control Law], or who fails, neglects, or refuses to comply with any order of the Board, or order of a court, issued as herein provided, shall be subject to a civil penalty not to exceed $32,500 for each violation within the discretion of the court. Each day of violation of each requirement shall constitute a separate offense." Va. Code § 62.1-44.32.

## GENERAL ALLEGATIONS

27.    Virginia True Corporation is the owner and operator of property in Richmond County, Virginia, on the Rappahannock River, west of State Route 622, Carter's Wharf Road, herein referred to as the Site.

28.     Upon information and belief, Virginia True Corporation intends to develop the Site to support commercial and residential activity and a golf course with a total land disturbance in excess of 950 acres.

29.     "The principal effect land development activities have on the natural or geologic process consists of exposing soils to precipitation and to surface storm runoff. Shaping of land for construction or development purposes alters the soil cover and the soil in many ways, often detrimentally affecting on-site drainage and storm runoff patterns and eventually the off-site steam and streamflow characteristics. Protective vegetation is reduced or removed, excavations are made, topography is altered and the removed soil is stockpiled – often without protective cover. In effect, the physical properties of the soil itself are changed. The development process is such that many citizens of a locality may be adversely affected even by development of areas of only limited size. Uncontrolled erosion and sediment from these areas often causes considerable economic damage to individuals and to society, in general." Virginia Erosion and Sediment Control Handbook, Chapter 2, page II-6 (1992).

30.     To combat these environmental harms, the Commonwealth has developed and implemented a robust regulatory framework at the state and local level designed to minimize the transport of sediment associated with land disturbing activities.

31.     On December 13, 2017, DEQ received a complaint regarding unauthorized land disturbing activity at the Site.

32.     After receiving the complaint, DEQ was advised that Richmond County had issued a stop work order to Virginia True Corporation on November 30, 2017, for violation of Richmond County's Erosion and Sediment Control Ordinance which provides that "no person shall engage in any land-disturbing activity until that person has submitted to the Administrator

an erosion and sediment control plan for such land-disturbing activity and until that plan has been reviewed and approved by the Administrator."

33.     On December 18, 2017, DEQ inspected the Site and observed that approximately 13.4 acres of land had been subject to land disturbing activity even though the Board had neither issued a permit nor approved a stormwater management plan.

34.     On December 20, 2017, DEQ issued a Warning Letter to the Defendant documenting the observations made during the December 18, 2017 inspection and seeking to arrange a meeting or submittal of a written response detailing actions that Defendant would be taking to come into compliance with state law and regulations.

35.     On January 3, 2018, DEQ met with representatives of Defendant, and requested that Defendant submit a stormwater management plan and a plan of action to resolve the compliance issues to DEQ by January 26, 2018 for review and approval.

36.     Neither a stormwater management plan nor a plan of action to resolve the compliance issues was received by that date.

37.     On February 2, 2018, DEQ inspected the Site and observed unpermitted land disturbance in excess of one acre, that sediment trapping measures were not installed and made functional prior to upslope land disturbance taking place, that denuded areas had not been properly stabilized, and that pollution prevention practices were not in place. DEQ further observed that stormwater was being discharged from the Site. DEQ was not notified orally or in writing of the discharge. DEQ recommended that Defendant perform corrective action. Defendant failed or refused to perform the recommended measures.

38.    On February 15, 2018, DEQ issued a Notice of Violation (NOV No. 2018-02-PRO-201) [Attached as Exhibit A] to Virginia True Corporation based on DEQ's observations made during the February 2, 2018 inspection.

39.    On February 16, 2018, DEQ inspected the Site and observed unpermitted land disturbance in excess of one acre, that sediment trapping measures were not installed and made functional prior to upslope land disturbance taking place, that sediment trapping measures were not installed and maintained, and that denuded areas had not been properly stabilized. DEQ further observed that stormwater was being discharged from the Site. DEQ was not notified orally or in writing of the discharge. DEQ recommended that Defendant obtain Construction General Permit coverage and perform corrective action. Defendant failed or refused to perform the recommended measures.

40.    On February 28, 2018, DEQ met with representatives of Defendant to discuss the February 15, 2018 NOV and proposed corrective action.

41.    On March 8, 2018 Virginia True Corporation submitted an application for coverage under the State Water Control Board's General VPDES Permit for Discharges of Stormwater from Construction Activities.

42.    On March 15, 2018, DEQ notified Virginia True Corporation that the application was incomplete.

43.    On March 15, 2018, Virginia True Corporation submitted a Stormwater Management Plan to DEQ for review and approval.

44.    On March 23 and March 30, DEQ inspected the Site and observed unpermitted land disturbance in excess of one acre, that sediment trapping measures were not installed and made functional prior to upslope land disturbance taking place, and that denuded areas had not

been properly stabilized. DEQ further observed that stormwater was being discharged from the Site. DEQ was not notified orally or in writing of the discharge. DEQ recommended that Virginia True Corporation obtain coverage under the Construction General Permit and perform corrective action by April 3, 2018. Defendant failed or refused to perform the recommended measures.

45.    On April 4, 2018, DEQ issued a Notice of Violation (NOV No. 2018-04-PRO-201) [Attached as Exhibit B] to Virginia True Corporation based on DEQ's observations made during the March 23 and March 30, 2018 inspections.

46.    On April 9, 2018, Richmond County approved an Erosion and Sediment Control Plan for the Site pursuant to Va. Code § 62.1-44.15:55(B) which provides that "[t]he [Virginia Erosion and Sediment Control Program] authority shall review erosion and sediment control plans submitted to it and grant written approval within 60 days of the receipt of the plan if it determines that the plan meets the requirements of [the Virginia Erosion and Sediment Control Law] and the Board's regulations and if the person responsible for carrying out the plan certifies that he will properly perform the erosion and sediment control measures included in the plan and shall comply with the provisions of [the Erosion and Sediment Control Law]."

47.    On April 11, 2018, DEQ inspected the Site and observed unpermitted land disturbance in excess of one acre, that sediment trapping measures were not installed and made functional prior to upslope land disturbance taking place, and that denuded areas had not been properly stabilized. DEQ further observed that stormwater was being discharged from the Site. DEQ recommended that Defendant obtain Construction General Permit coverage and perform corrective action by April 19, 2018. Defendant failed or refused to perform the recommended measures.

48.    On April 27, 2018, DEQ met with representatives of Defendant at the Site to discuss outstanding compliance issues and proposed corrective action. DEQ observed that vegetation was growing on most of the Site, but that all denuded area had not been properly stabilized.

49.    On May 22, 2018, DEQ inspected the Site and observed unpermitted land disturbance in excess of one acre, that sediment trapping measures were not installed and made functional prior to upslope land disturbance taking place, and that denuded areas had not been properly stabilized. DEQ further observed that stormwater was being discharged from the Site. DEQ was not notified orally or in writing of the discharge. DEQ recommended that Virginia True Corporation obtain Construction General Permit coverage and perform corrective action by June 2, 2018. Defendant failed or refused to perform the recommended measures.

50.    On May 31, 2018, Virginia True Corporation executed an administrative order by consent to resolve the alleged violations addressed in the Warning Letter, dated December 20, 2017, NOV No. 2018-02-PRO-201, dated February 15, 2018, and NOV No. 2018-04-PRO-201, dated April 4, 2018.

51.    The order by consent provides that it shall become effective upon execution by both the Director of the Department or his designee and Virginia True Corporation but that Virginia True Corporation agrees to be bound by any compliance date which precedes the effective date of the order.

52.    The order by consent provided that: (i) Virginia True shall immediately cease all land disturbing activities at the Site until general permit coverage has been obtained for discharges of stormwater from construction activity except for land disturbing activities necessary for corrective measures required by the order by consent or the Virginia Erosion and

Sediment Control Law and Regulations; (ii) by May 31, 2018, Virginia True Corporation shall submit to DEQ, for review and approval, a revised stormwater management plan for the Site consistent with the Virginia Stormwater Management Regulation, respond to any comments from DEQ regarding the stormwater management plan within 14 days of the date of the comments, and immediately implement the stormwater management plan; (iii) by May 31, Virginia True Corporation shall apply stabilization to the Site in accordance with 9 VAC 25-840-40(1) and shall reapply stabilization as necessary to ensure there is uniform, effective cover; (iv) upon approval by Richmond County, Virginia True Corporation shall immediately implement the erosion and sediment control plan; and (v) Virginia True Corporation shall submit weekly reports to DEQ beginning May 28, 2018, including a summary of the work completed since the previous report, a summary of the work that is anticipated to occur for the next reporting week, an update on the current state of site stabilization, a summary of any major issues identified at the Site, and pictures that are representative of the Site activities and the status of stabilization.

53.    On June 8, 2018, DEQ inspected the Site and observed unpermitted land disturbance in excess of one acre, that sediment trapping measures were not installed and made functional prior to upslope land disturbance taking place, that sediment trapping measures were improperly installed and maintained, and that denuded areas had not been properly stabilized. DEQ further observed that stormwater was being discharged from the Site and sediment runoff due to ineffective Erosion and Sediment Control measures. DEQ was not notified orally or in writing of the discharge. DEQ recommended that Virginia True Corporation obtain Construction General Permit coverage and perform corrective action by June 30, 2018. Defendant failed or refused to perform the recommended measures.

54.    On June 21, 2018, DEQ approved a stormwater management plan for the Site.

55.    On July 5, 2018, DEQ granted coverage to Virginia True Corporation under the Construction General Permit (VAR10K884) for discharges of stormwater associated with construction activities at the Site.

56.    On July 13, 2018, DEQ inspected the Site and observed that a copy of the notice of Construction General Permit coverage was not posted conspicuously near the main entrance of the Site, that a copy of the approved Erosion and Sediment Control Plan was not attached to the Stormwater Pollution Prevention Plan or made available during the inspection, that a copy of the approved Stormwater Management Plan was not attached to the Stormwater Pollution Prevention Plan or made available during the inspection, that the names of "Qualified Personnel" responsible for conducting inspections were not included in the Stormwater Pollution Prevention Plan, that inspection reports were not complete and not signed by "Qualified Personnel", that sediment trapping measures were not installed and made functional prior to upslope land disturbance taking place, that sediment trapping measures were improperly installed and maintained, and that denuded areas had not been stabilized. DEQ further observed that stormwater was being discharged from the site and sediment runoff due to ineffective Erosion and Sediment Control measures. DEQ recommended that Virginia True Corporation perform corrective action by July 23, 2018. Defendant failed or refused to perform the recommended measures.

57.    On July 27, 2018, DEQ inspected the Site and observed that notice of the location of the Stormwater Pollution Prevention Plan was not posted near the main entrance of the Site, that a copy of the approved Erosion and Sediment Control Plan was not attached to the Stormwater Pollution Prevention Plan or made available during the inspection, that a copy of the approved Stormwater Management Plan was not attached to the Stormwater Pollution Prevention

Plan or made available during the inspection, that sediment trapping measures were not installed and made functional prior to upslope land disturbance taking place, that sediment trapping measures were improperly installed and maintained, and that denuded areas had not been properly stabilized. DEQ recommended that Virginia True Corporation perform corrective action by August 9, 2018. Defendant failed or refused to perform the recommended measures.

58.      On August 3, 2018, DEQ issued a Notice of Violation (NOV No. 2018-08-PRO-201) [Attached as Exhibit C] to Virginia True Corporation based on DEQ's observations made during the July 13 and July 27, 2018 inspections.

59.      More recent inspections reveal that the violations described above are ongoing.

### COUNT I

### Unpermitted Land Disturbance

60.      Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

61.      The Defendant has engaged in land disturbing activity in excess of one acre without a permit issued by the Board.

62.      The activities described herein are in violation of the State Water Control Law, the Virginia Stormwater Management Act, the Virginia Erosion and Sediment Control Law, and the Board's regulations.

63.      Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

### COUNT II

### Failure to Obtain an Approved Stormwater Management Plan Prior to Land Disturbance

64.      Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

15

65.    The Defendant has engaged in land disturbing activity in excess of one acre without an approved Stormwater Management Plan.

66.    The activities described herein are in violation of the State Water Control Law, the Virginia Stormwater Management Act, and the Board's regulations.

67.    Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## COUNT III

### Failure to Obtain an Approved Erosion
### and Sediment Control Plan Prior to Land Disturbance

68.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

69.    The Defendant has engaged in land disturbing activity in excess of 10,000 square feet without an approved Erosion and Sediment Control Plan.

70.    The activities described herein are in violation of the State Water Control Law, the Virginia Erosion and Sediment Control Plan, and Board's regulations.

71.    Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, Va. Code § 62.1-44.32, and Va. Code § 62.1-44.15:63, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## COUNT IV

### Failure to Stabilize Denuded Areas

72.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

73.    The Defendant has failed to stabilize denuded areas in accordance with the Virginia Erosion and Sediment Control Regulations.

74.    The activities described herein are in violation of the State Water Control Law,

the Virginia Erosion and Sediment Control Law, and the Board's regulations.

75.    Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, Va. Code § 62.1-44.32, and Va. Code § 62.1-44.15:63, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## COUNT V

### Failure to Install Sediment Trapping Controls

76.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

77.    The Defendant has failed to install sediment trapping controls to prevent sediment laden stormwater runoff from exiting the Site prior to conducting land disturbing activity in accordance with the Virginia Erosion and Sediment Control Regulations.

78.    The activities described herein are in violation of the State Water Control Law, the Virginia Erosion and Sediment Control Law, and the Board's regulations.

79.    Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, Va. Code § 62.1-44.32, and Va. Code § 62.1-44.15:63, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## COUNT VI

### Failure to Maintain, Inspect, and Repair Erosion and Sediment Control Structures

80.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

81.    The Defendant has failed to maintain, inspect, and repair sediment trapping structures to prevent sediment laden stormwater runoff from exiting the Site in accordance with the Virginia Erosion and Sediment Control Regulations.

82.    The activities described herein are in violation of the State Water Control Law, the Virginia Erosion and Sediment Control Law, and the Board's regulations.

83.     Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, Va. Code § 62.1-44.32, and Va. Code § 62.1-44.15:63, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## COUNT VII

### Unpermitted Discharge

84.     Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

85.     The Defendant has discharged stormwater to State Waters without a permit issued by the Board.

86.     The activities described herein are in violation of the State Water Control Law and the Board's regulations.

87.     Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## COUNT VIII

### Failure to Notify the Department of Unpermitted Discharge

88.     Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

89.     The Defendant has failed to notify the Department of Environmental Quality as required by 9 VAC 25-870-310.

90.     The activities described herein are in violation of the State Water Control Law and the Board's regulations.

91.     Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## COUNT IX

### Failure to Post a Copy of Construction General Permit Coverage

92.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

93.    Following issuance of coverage under the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities, the Defendant has failed post a copy of the notice of Construction General Permit coverage near the main entrance of the Site.

94.    The activities described herein are in violation of the State Water Control Law, the Board's regulations, and Part II(C) of the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities.

95.    Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## COUNT X

### Failure to Maintain a Copy of the Erosion and Sediment Control Plan at a Central Location

96.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

97.    The Defendant has failed to maintain a copy of the approved Erosion and Sediment Control Plan at a central location on site for use by those individuals identified as having responsibilities under the Stormwater Pollution Prevention Plan whenever they are on the construction site and failed to make a copy of the Erosion and Sediment Control Plan available upon request to the Department.

98.    The activities described herein are in violation of the State Water Control Law,

the Board's regulations, and Part II(D) of the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities.

99.     Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## COUNT XI

### Failure to Maintain a Copy of the
### Stormwater Management Plan at a Central Location

100.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

101.    The Defendant has failed to maintain a copy of the approved Stormwater Management Plan at a central location on site for use by those individuals identified as having responsibilities under the Stormwater Pollution Prevention Plan whenever they are on the construction site and failed to make a copy of the Stormwater Management Plan available upon request to the Department.

102.    The activities described herein are in violation of the State Water Control Law, the Board's regulations, and Part II(D) of the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities.

103.    Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## COUNT XII

### Failure to Identify Qualified Personnel

104.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

105.    The Defendant has failed to identify "Qualified Personnel" in the Stormwater Pollution Prevention Plan.

106.    The activities described herein are in violation of the State Water Control Law, the Board's regulations, and Part II(A)(6) of the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities.

107.    Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## COUNT XIII

### Failure to Complete Self-Inspection Reports

108.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

109.    The Defendant has failed to complete Stormwater Pollution Prevention Plan self-inspections reports in accordance with the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities.

110.    The activities described herein are in violation of the State Water Control Law, the Board's regulations, and Part II(F)(3) & (4) of the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities.

111.    Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per

day for each violation.

## COUNT XIV

### Failure to Perform Self-Inspections

112.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

113.    The Defendant has failed to perform Stormwater Pollution Prevention Plan self-inspections at the frequency required by the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities.

114.    The activities described herein are in violation of the State Water Control Law, the Board's regulations, and Part I(B)(4)(d)(1) of the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities.

115.    Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## COUNT XV

### Failure to Design and Construct Cut and Fill Slopes

116.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

117.    Since issuance of coverage under the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities, the Defendant has failed to design and construct cut and fill slopes in a manner that will minimize erosion.

118.    The activities described herein are in violation of the State Water Control Law,

the Board's regulations, and Part II(E)(1) of the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities.

119.    Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

### COUNT XVI

### Failure to Design and Construct Stormwater Conveyance Channels

120.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

121.    Since issuance of coverage under the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities, the Defendant has failed to design and construct stormwater conveyance channels or to protect stormwater conveyance channels with adequate soil stabilization.

122.    The activities described herein are in violation of the State Water Control Law, the Board's regulations, and Part II(E)(1) of the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities.

123.    Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

### COUNT XVII

### Failure to Apply Permanent or Temporary Soil Stabilization

124.    Plaintiffs reallege and incorporate by reference Paragraphs 1-59.

125.    Since issuance of coverage under the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities, the Defendant has failed to apply permanent or temporary soil stabilization to denuded areas within seven days after final grade is reached on any portion of the Site and failed to apply temporary soil stabilization within seven days to denuded areas that may not be at final grade but will remain dormant for longer than fourteen days.

126.    The activities described herein are in violation of the State Water Control Law, the Board's regulations, and the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities.

127.    Pursuant to Va. Code §§ 62.1-44.15:42, 62.1-44.15:48, 62.1-44.23, and Va. Code § 62.1-44.32, the Defendant is liable for injunctive relief and civil penalties up to $32,500 per day for each violation.

## **PRAYER FOR RELIEF**

WHEREFORE, David K. Paylor, Director of the Department of Environmental Quality, and the State Water Control Board respectfully request that this Court:

A.    Order the Defendant to immediately come into compliance with the State Water Control, the Virginia Stormwater Management Act, the Virginia Erosion and Sediment Control Law, the Board's regulations, and the Board's General Virginia Pollutant Discharge Elimination System (VPDES) Permit for Discharges of Stormwater from Construction Activities;

B.    Assess a civil penalty against the Defendant to the maximum allowed by law;

C.    Award the Plaintiffs their costs and reasonable attorneys' fees; and

D.    Grant any and all further relief that this Court deems just and proper.

Respectfully submitted,

David K. Paylor, Director of the Department of Environmental Quality, and the State Water Control Board

Mark R. Herring
Attorney General of Virginia

Stephen A. Cobb
Deputy Attorney General

Donald D. Anderson (VSB No. 22114)
Senior Assistant Attorney General

David C. Grandis (VSB No. 47746)
Senior Assistant Attorney General

Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
(804) 225-2741 – telephone
(804) 786-2650 – facsimile
dgrandis@oag.state.va.us