HAROLD M. SOMER, ESQ.
HAROLD M. SOMER, PC
Attorney for Pan American Claim Investors, LLC
1025 Old Country Road, Ste. 404
Westbury, New York 11590
T: (516) 248-8962
F: (516) 333-0654

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:

VIRGINIA TRUE CORPORATION

                         Debtor

Chapter 11
Case No. 19-42769-nhl

---

VIRGINIA TRUE CORPORATION

                         Plaintiff

Adv. Pro. No. 19-1118-nhl

DIATOMITE CORPORATION OF AMERICA
                         Intervenor-Plaintiff

        against

ANTHONY CIPOLLONE and
DOMENICK CIPOLLONE.

                         Defendants

---

## AFFIRMATION IN FURTHERANCE OF SETTLEMENT MOTION

HAROLD M. SOMER, an attorney duly licensed to practice law in the State of New York and admitted in the Eastern District of New York, affirms the following to be true under penalty of perjury except as to those matters stated to be upon information and belief which matters are believed to be true:

1. I am a member of the firm of Harold M. Somer, PC attorney for Pan American Claim Investors, LLC ("Pan American") an interested party in both the above-referenced bankruptcy case and adversary proceeding.

2. This Affirmation is submitted in furtherance of the settlement motion and in response to the objection and declaration of Rishi Kapoor, Esq. on behalf of Diatomite Corporation of America ("Diatomite") seeking to have Pan American's settlement agreement which incorporates the resolution of all issues between the Debtor and Dominick Cipollone and Anthony Cipollone denied by this Court.

3. It is submitted that, as will be shown, by commencing an adversary proceeding against the Cipollones and objecting to the settlement, Diatomite is seeking to torpedo the negotiated arms-length settlement that benefits the estate by creating an investment opportunity that would pay creditors 100% over time. As set forth in the accompanying Declaration of Vicente Penades, Pan American would be seeking to raise $2,000,000.00 toward the development of the property upon confirmation of a plan of reorganization. Diatomite is continuing its course of delay and harassment by taking baseless actions for the sole purpose of derailing this bankruptcy case.

4. Diatomite's objection was filed late and should not be considered. As I recall, the Debtor's 9019 motion, together with all other pending matters, were adjourned to July 27, 2021 to allow for continued negotiations with Diatomite and afford it one more extension of its time to July 16, 2021 to object to the 9019 motion. Rather than file an objection, Mr. Kapoor commenced, under AP No. 21-1059, an adversary proceeding on July 12, which, upon information and belief, was his intention all along. Thereafter, without advance warning, he filed the objection on July 20.

5. Interestingly, Mr. Kapoor admits in paragraph 4 of his objection that at the time of the original transaction whereby the Debtor obtained title to the property, the Diatomite's principal, Allan Applestein, was suffering from Alzheimers. If not competent back then, upon who's authorization is he and his firm now representing Diatomite? If not Applestein, then who and

upon what documentation is this third party permitted to act for him and/or Diatomite? Conspicuously absent from the adversary complaint and the objection is the signature of anyone from Diatomite or proof of authorization to act now and subsequent to the commencement of the instant Ch. 11 case.

6. In arguing a lack of funds to reorganize and to deal with Diatomite's claim, Mr. Kapoor has failed to disclose a salient fact. There is currently a malpractice action pending against Diatomite's former counsel in connection with its sale of the real property to the Debtor for, upon information and belief, $7,000,000.00. If successful this would pretty much satisfy its claim.

7. Diatomite's commencement of the adversary proceeding and the actions of its counsel in doing so are in bad faith. From a comparison of the that complaint and the one in the action commenced by the Debtor against the Cipollones which is to be settled  (AP No. 19-1118) it appears that the allegations are virtually identical.

8. Notably, in his affirmation in support of Diatomite's earlier motion to intervene in the Debtor's action, Mr. Kapoor states in the opening paragraph and paragraph 5 that Diatomite, in seeking to intervene, joins in and adopts the Debtor's claims against the Cipollones. Having been granted intervention Diatomite is a party to that action. It's  commencement of the new adversary proceeding seeks the very same relief as that in the Debtor's adversary proceeding which the Debtor now seeks permission to settle.

9. There was no good faith basis for Mr. Kapoor and his firm to commence the new action. By obtaining the intervention it so sorely insisted it had the right to do, Diatomite is and should be limited to what this Court determines in connection with the settlement motion.

10.  Diatomite and its counsel filed its adversary proceeding for the sole purpose of delay and to prejudice the Debtor and other parties from being able to move the instant case forward toward confirmation of a plan of reorganization.  The Court should use its power under 11 U.S.C. §105 to

sua sponte dismiss Diatomite's adversary proceeding as its commencement was an abuse of process.

11.  It is clear that Mr. Kapoor's objection and declaration and the adversary proceeding are without merit and intended simply to provide Diatomite a windfall far in excess of what it might be entitled to by, in effect, stealing back the real property or forcing its sale to the detriment of the Debtor and other creditors.

12.  The underhanded actions by Mr. Kapoor, his firm and his client to take the realty and destroy this Debtor's opportunity at confirming a feasible plan should not be countenanced by this Court.

Dated: Westbury, New York
      August 19, 2021

                    HAROLD M. SOMER, PC
                    Attorney for Pan American Claim
                    Investors, LLC

                    By: _____
                    HAROLD M. SOMER, ESQ.
                    1025 Old Country Road, Ste. 404
                    Westbury, New York 11590
                    (516) 248-8962