**PACK LAW**
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Joseph A. Pack, Esq.
212-949-9300

*Counsel for Diatomite Corporation of America*

**LAW OFFICES OF AVRUM J. ROSEN, PLLC**
38 New Street
Huntington, New York 11743
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.
631-423-8527

*Co-Counsel to Anthony Cipollone and Domenick Cipollone*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| | )  Chapter 11 |
| Virginia True Corporation, | ) |
| | )  Case No. 19-42769 (NHL) |
| | ) |
| Debtor. | ) |
| | ) |

**DIATOMITE CORPORATION OF AMERICA, ANTHONY
CIPOLLONE, AND DOMENICK CIPOLLONE'S MOTION FOR ENTRY
OF AN ORDER APPROVING (I) THE ADEQUACY OF
THE CREDITOR PLAN PROPONENTS' DISCLOSURE STATEMENT,
(II) SOLICITATION AND NOTICE PROCEDURES,
(III) FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH
AND (IV) CERTAIN DATES AND DEADLINES WITH RESPECT THERETO**

Diatomite Corporation of America ("Diatomite"), together with Anthony Cipollone and

Domenick Cipollone (collectively the "Cipollones" and together with Diatomite, the "Creditor

Plan Proponents") hereby submit this motion (this "Motion") in connection with the *Diatomite*

*Corporation Of America, Anthony Cipollone, and Domenick Cipollone's Joint Third Amended*

*Disclosure Statement in Connection with the Joint Third Amended Chapter 11 Creditor Plan Of Reorganization* [Docket No. 377] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>") for that certain *Diatomite Corporation Of America, Anthony Cipollone, and Domenick Cipollone's Joint Third Amended Proposed Chapter 11 Creditor Plan Of Reorganization* [Docket No. 378] (as may be modified, amended, or supplemented from time to time, the "<u>Creditor Plan</u>" or the "<u>Plan</u>"), and in support thereof respectfully represent as follows:

## RELIEF REQUESTED

1.    The Creditor Plan Proponents seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), granting the following relief and such other relief as is just and proper:[1]

a. **Disclosure Statement.**    Approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

b. **Solicitation and Voting Procedures.**  Approving the procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Creditor Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to the Creditor Plan (the "<u>Solicitation and Voting Procedures</u>");

c. **Ballots.**  Approving the forms of Class 2(a) (the "Ballots"), substantially in the forms attached hereto as **<u>Exhibit B</u>**;

d. **Solicitation Packages.**    Finding that the solicitation materials and documents included in the solicitation packages (the "<u>Solicitation Packages</u>") that will be sent to, among others, Holders of Claims entitled to vote to accept or reject the Plan, comply with Bankruptcy Rules 3017(d) and 2002(b);

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Disclosure Statement or the Creditor Plan, as applicable.

e. **Confirmation Timeline.**  Establishing the following dates and deadlines, subject to modification as necessary:

   i. **Voting Record Date.**  September [20], 2022, as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "Voting Record Date");

   ii. **Solicitation Date.**  September [22], 2022, as the outside date to commence distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Date");

   iii. **Voting Deadline.**  October [26], 2022, at 4:00 p.m., prevailing Eastern Time, as the deadline by which all Ballots must be properly executed, completed, and delivered so that they are **actually received** (the "Voting Deadline") by the undersigned counsel;

   iv. **Plan Objection Deadline.**  November [2], 2022, at 4:00 p.m., prevailing Eastern Time, as the deadline by which objections to the Plan must be filed with the Bankruptcy Court and served so as to be **actually received** by the appropriate notice parties (the "Plan Objection Deadline");

   v. **Deadline to File Voting Report.**  October [28], 2022, at 4:00 p.m., prevailing Eastern Time, as the date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Bankruptcy Court;

   vi. **Deadline to file Confirmation Brief and Objection Responses.**  November [4], 2022, at 4:00 p.m., prevailing Eastern Time, as the date by which the Creditor Plan Proponents shall file their brief in support of Confirmation (the "Confirmation Brief Deadline") and responses to objections to the Plan with the Bankruptcy Court (the "Plan Objection Response Deadline"); and

   vii. **Confirmation Hearing Date.**  Setting the date and time of the Confirmation Hearing as on or around November [9], 2022 (the "Confirmation Hearing Date").

## JURISDICTION AND VENUE

2.    The United States Bankruptcy Court for the Eastern District of New York

(the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

The Creditor Proponents confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to the entry of a final order by the Bankruptcy Court in connection with this motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 501, 502, 502(b)(9), 503(b)(9), 1111(a), 1121, 1125, 1126, and 1128 of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3020, and 5005(a).

## **<u>BASIS FOR RELIEF</u>**

**I.      The Bankruptcy Court Should Approve the Disclosure Statement.**

     **A.      The Standard of Approval for a Disclosure Statement.**

5.      Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan.

6.      Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" to be:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other

> parties in interest, and the cost of providing additional information . . . .[2]

Due to the inclusive nature of this definition, what constitutes "adequate information" is based on the facts and circumstances of each case.

7.      Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and hypothetical reasonable investors, if applicable, to vote on a chapter 11 plan.[3]  In evaluating the adequacy of a disclosure statement, Courts look to a variety of factors, including whether the disclosure statement contains any of the following information: (i) the circumstances which led to the filing of the bankruptcy petition; (ii) an explanation of the available assets and their value; (iii) the anticipated future of the company; (iv) the source of the information stated in the disclosure statement; (v) the condition and performance of a debtor while in chapter 11; (vi) claims asserted against a debtor; (vii) the estimated return to creditors under a chapter 7 liquidation; (viii) the future management of a debtor; (ix) the chapter 11 plan or a summary thereof; (x) financial information and projections relevant to the claimants' decision to accept or reject the chapter 11 plan; (xi) information relevant to the risks posed to creditors and interest holders under the plan; (xii) litigation likely to arise in a nonbankruptcy context; and (xiii) tax consequences of a plan.[4]

---

[2]  11 U.S.C. § 1125(a)(1).

[3]  *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *see also In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) (finding the adequacy of disclosure "is determined on a case-by-case basis" under a "flexible" standard).

[4]  *See, e.g.*, *In re Source Enters., Inc.*, Case No. 06-11707(AJG), 2007 Bankr. LEXIS 4770, *7–8 (Bankr. S.D.N.Y. July 31, 2007) (listing certain factors bankruptcy courts have used to evaluate the sufficiency of disclosures); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (same).

**B.      The Disclosure Statement Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code.**

8.      In this Chapter 11 Case, the Disclosure Statement provided information consistent with the list above including, without limitation:

| Information | Description | Location in Disclosure Statement |
|---|---|---|
| Debtor's Corporate History, Structure, Sole Asset, and Operations | An overview of the Debtor's corporate history, business operations, organizational structure, and capital structure. | Article II |
| Liquidation Analysis | An analysis of the liquidation value of the Debtor. | Exhibit A |
| Risk Factors | Certain risks associated with the Plan, as well as certain risks associated with forward-looking statements, and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement. | Article IV |
| Solicitation and Voting Procedures | A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan. | Article III.B |
| Confirmation of the Plan | Confirmation procedures and statutory requirements for confirmation and consummation of the Plan. | Article V |
| Releases Provided in the Plan | An overview of the releases, both by the Debtor and third parties, provided for in the Plan. | Section III.H |
| Recommendation | A recommendation by the Creditor Plan Proponents that Holders of Claims in the Voting Classes should vote to accept the Plan. | Article VII |

9.      The information contained within the Disclosure Statement is accurate and relevant for its purpose of enabling stakeholders to make an informed judgment about whether to vote to accept or reject the Plan.  Accordingly, the Creditor Plan Proponents submit that the Disclosure Statement contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code in satisfaction of section 1126(b)(2) and should therefore be approved.

6

II.     **The Bankruptcy Court Should Approve the Confirmation Timeline and Related Forms.**

    A.     **The Bankruptcy Court Should Approve the Voting Record Date, Solicitation Date, and Voting Deadline.**

10.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."   Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.   Additionally, Bankruptcy Rule 3017(c) provides that before approving the disclosure statement, the Bankruptcy Court must fix a time within which the holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan.

11.     The Creditor Plan Proponents request that the Bankruptcy Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish **September [20], 2022**, as the Voting Record Date, **September [22], 2022**, as the Solicitation Date, and **October [26], 2022**, at 4:00 p.m., as the Voting Deadline.

12.     Moreover, the Creditor Plan Proponents propose that, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if: (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the Voting Record Date, the transferee of such

Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date.

13.     The Creditor Plan Proponents request that, after the Creditor Plan Proponents distribute Solicitation Packages to Holders of Claims entitled to vote on the Plan as part of the Solicitation Date, the Bankruptcy Court require that all Holders of Claims entitled to vote on the Plan complete, execute, and return their Ballots so that they are **actually received** by the undersigned counsel on or before the Voting Deadline.

14.     The foregoing timing and materials will afford Holders of Claims entitled to vote on the Plan at least thirty-four (34) days within which to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline consistent with the requirements of the applicable Bankruptcy Rules. Accordingly, the Creditor Plan Proponents request that the Bankruptcy Court approve the form of, and the Creditor Plan Proponents' proposed procedures for distributing, the Solicitation Packages to the Holders of Claims in the Voting Classes.

**B.     The Bankruptcy Court Should Approve the Form of the Ballots.**

15.     In accordance with Bankruptcy Rule 3018(c), the Creditor Plan Proponents prepared and customized the Ballots.  Although based on Official Form No. 314, the Ballots have been modified to (a) address the particular circumstances of these chapter 11 cases and (b) include certain additional information that are relevant and appropriate for Claims in the Voting Classes. The proposed Ballots for Class 2(a), the sole Voting Class, is attached hereto as **Exhibit B**. Because the Creditor Plan Proponents are the sole Holders of Claims in Class 1 and Class 2(b), the Creditor Plan Proponents respectfully request that they be deemed to have accepted the Creditor Plan without executing and transmitting Ballots.  The Creditor Plan Proponents respectfully submit

that the forms of the Ballots comply with Bankruptcy Rule 3018(c) and, therefore, should be approved.

> **C.** **The Bankruptcy Court Should Approve the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.**

16.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims and/or equity interests upon approval of a disclosure statement, including the court-approved plan and disclosure statement and notice of the time within which acceptances and rejections of the plan may be filed.  The Creditor Plan Proponents propose to send the Solicitation Packages to provide Holders of Claims in the Voting Class with the information they need to be able to make informed decisions with respect to how to vote on the Plan.  Specifically, on the Solicitation Date, the Creditor Plan Proponents will cause the Solicitation Packages to be distributed to those Holders of Claims in the Voting Class.  Each Solicitation Package will include the following materials:

a.  a copy of the Order, setting forth the relevant solicitation and voting procedures;

b.  the appropriate form of Ballot, together with detailed voting instructions;

c.  the Disclosure Statement (and exhibits thereto, including the Creditor Plan);

d.  the Confirmation Hearing Notice; and

e.  such other materials as the Bankruptcy Court may direct.

17.     The Creditor Plan Proponents request that they be authorized to distribute the Solicitation Packages via electronic mail.  Bankruptcy courts have permitted plan proponents to distribute solicitation documents in electronic format in other large chapter 11 cases in the interest of saving printing and mailing costs and in light of timing difficulties and address changes associated with the COVID-19 pandemic.  Further, all documents will be available in print and electronically, free of charge, on request to the undersigned.  The Creditor Plan Proponents will

distribute Solicitation Packages by printed mail to all Holders of Claims in the Voting Class for which an electronic mail address has not been provided to the undersigned or the Debtor.

18.     Any party that receives the material in electronic format but would prefer paper format may contact the undersigned and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Creditor Plan Proponents' expense).

19.     The Creditor Plan Proponents respectfully request that the undersigned be authorized (to the extent not authorized by another order of the Bankruptcy Court), on behalf of the Creditor Plan Proponents, to: (a) distribute the Solicitation Packages; (b) receive, tabulate, and report on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtor; (c) respond to inquiries from Holders of Claims or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) solicit votes on the Plan; (e) receive ballots via electronic transmission (for the avoidance of doubt Ballots submitted via electronic means shall be deemed to contain an original signature); and (f) if necessary, contacting creditors regarding the Creditor Plan.

## III.    The Bankruptcy Court Should Approve the Solicitation and Voting Procedures.

### A.    The Standard for Approval of Solicitation and Voting Procedures.

20.     Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under section (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designed under subsection (e) of this section, that have accepted or rejected the plan.

21.     Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent and conform to the appropriate Official Form." Consistent with these requirements, the Creditor Plan Proponents propose to use the Solicitation and Voting Procedures.  The Solicitation and Voting Procedures include specific voting and tabulation requirements and procedures, as described below.

**B.     Completion of Ballots.**

22.     To ease and clarify the process of tabulating all votes received, the Creditor Plan Proponents propose that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria.  Specifically, the Creditor Plan Proponents request that they not count a Ballot if it is, among other things, illegible, submitted by a Holder of a Claim or Interest that is not entitled to vote on the Plan, unsigned, or not clearly marked.  Further, the Creditor Plan Proponents, subject to a contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report.

**C.     General Ballot Tabulation and Voting Procedures.**

23.     The proposed Solicitation and Voting Procedures set forth specific criteria with respect to the general tabulation of Ballots, voting procedures applicable to Holders of Claims, and tabulation of such votes.  The Creditor Plan Proponents believe that the proposed Solicitation and Voting Procedures will facilitate the Plan confirmation process.  Specifically, the procedures will clarify any obligations of Holders of Claims entitled to vote to accept or reject the Plan and will create a straightforward process by which the Creditor Plan Proponents can determine whether they have satisfied the numerosity requirements of section 1126(c) of the Bankruptcy Code. Accordingly, the Creditor Plan Proponents submit that the Solicitation and Voting Procedures are

in the best interests of the Creditor Plan Proponents, the Debtor, Debtor's estate, Holders of Claims or Interests, and other parties in interest, and that good cause supports the relief requested herein.

## IV.    The Bankruptcy Court Should Approve the Procedures for Confirming the Plan.

### A.    The Confirmation Hearing Date.

24.    Section 1128 of the Bankruptcy Code provides that a court shall hold a hearing on confirmation of a plan and provides that parties in interest can object to confirmation. Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan.  In accordance with Bankruptcy Rule 3017(c) and section 1128 of the Bankruptcy Code, the Creditor Plan Proponents request that the Bankruptcy Court establish the Confirmation Hearing Date on or around **November [9], 2022**. The Creditor Plan Proponents further request that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Creditor Plan Proponents without further notice to parties in interest other than such adjournment announced in open court and/or a notice of adjournment filed with the Bankruptcy Court and served on all parties entitled to receive service thereof.

### B.    The Bankruptcy Court Should Approve the Procedures for Filing Objections to the Plan.

25.    Bankruptcy Rules 2002(b) and (d) require no less than 28 days' notice to all holders of Claims of the time fixed for filing objections to the hearing on confirmation of a chapter 11 plan.  The Creditor Plan Proponents request that the Bankruptcy Court establish **November [2], 2022**, at 4:00 p.m., prevailing Eastern Time, as the Plan Objection Deadline.

26.    The Creditor Plan Proponents also request that the Bankruptcy Court direct the manner in which parties in interest may object to confirmation of the Plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed

by the court." The Creditor Plan Proponents respectfully request that objections to confirmation of the Plan or requests for modifications to the Plan, if any, must:

    a.  be in writing;

    b.  conform to the Bankruptcy Rules, the Local Rules, and any orders of the Bankruptcy Court;

    c.  state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

    d.  be filed with the Bankruptcy Court (contemporaneously with a proof of service) upon the notice parties so as to be actually received on or before the Plan Objection Deadline.

27.     The Creditor Plan Proponents believe that the Plan Objection Deadline for filing and service of objections (and proposed modifications, if any) will afford the Bankruptcy Court, the Creditor Plan Proponents, and other parties in interest reasonable time to consider the objections and proposed modifications prior to the Confirmation Hearing.

<div align="center"><b><u>CONCLUSION</u></b></div>

WHEREFORE, the Creditor Plan Proponents respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Bankruptcy Court deems appropriate.

<div align="center"><i>[Remainder of page intentionally left blank]</i></div>

Dated: August 31, 2022
        Brooklyn, New York

**PACK LAW**
By:  _/s/ Joseph A. Pack_
Joseph A. Pack, Esq.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Joseph A. Pack, Esq.
212-949-9300

*Counsel for Diatomite Corporation of America*

**LAW OFFICES OF AVRUM J. ROSEN, PLLC**
By:  _/s/ Avrum J. Rosen_
38 New Street
Huntington, New York 11743
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.
631-423-8527

*Co-Counsel to Anthony Cipollone and Domenick Cipollone*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

)
In re:                                                    )
                                                          )        Chapter 11
Virginia True Corporation,                                )
                                                          )        Case No. 19-42769 (NHL)
                                                          )
                             Debtor.                      )
_____        )

**ORDER GRANTING DIATOMITE CORPORATION OF AMERICA,
ANTHONY CIPOLLONE, AND DOMENICK CIPOLLONE'S MOTION FOR ENTRY
OF AN ORDER APPROVING (I) THE ADEQUACY OF
THE CREDITOR PLAN PROPONENTS' DISCLOSURE STATEMENT,
(II) SOLICITATION AND NOTICE PROCEDURES,
(III) FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND
(IV) CERTAIN DATES AND DEADLINES WITH RESPECT THERETO**

THIS MATTER came before the Court upon the motion [Docket No. [ ]] (the "Motion")[1]

of Diatomite Corporation of America ("Diatomite"), together with Anthony Cipollone and

Domenick Cipollone (collectively the "Cipollones" and together with Diatomite, the "Creditor

Plan Proponents") in connection with the *Diatomite Corporation Of America, Anthony Cipollone,*

*and Domenick Cipollone's Joint Third  Amended Disclosure Statement in Connection with the*

*Joint Third Amended Chapter 11 Creditor Plan Of Reorganization* [Docket No. [ ]] (as modified,

amended, or supplemented from time to time, the "Disclosure Statement") for that certain

*Diatomite Corporation Of America, Anthony Cipollone, and Domenick Cipollone's Joint Third*

*Amended Proposed Chapter 11 Creditor Plan Of Reorganization* [Docket No. [ ]] (as may be

modified, amended, or supplemented from time to time, the "Creditor Plan" or the "Plan"); and a

hearing was held before this Court on September 20, 2022 to consider the same; and any objections

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
  Motion, the Creditor Plan, or the Disclosure Statement, as applicable.

to the Disclosure Statement were withdrawn or overruled, and no further hearing being required; and the Court having reviewed the Disclosure Statement and the Plan, and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Disclosure Statement is approved in accordance with 11 U.S.C. § 1125; and it is further

**ORDERED**, that the Solicitation Package, is approved; and it is further

**ORDERED**, that the procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Creditor Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to the Creditor Plan, all as set forth more fully in the Motion, are hereby approved; and it is further,

**ORDERED**, that the form of Ballots, attached to the Motion as <u>Exhibit B</u>, are approved; and it is further

**ORDERED**, that the hearing to consider confirmation of the Creditor Plan, and any objections thereto, shall be held before this Court on [    ], 2022 pursuant to Rule 3017(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); and it is further

**ORDERED**, that [    ], 2022, shall be the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim; and it is further

**ORDERED**, that on or before [    ], 2022 the Creditor Plan proponents shall commence distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan; and it is further

**ORDERED**, that [  ], 2022, at 4:00 p.m., prevailing Eastern Time, shall be the deadline by which all Ballots must be properly executed, completed, and delivered so that they are **actually received** by the counsel to the Creditor Plan Proponents; and it is further

**ORDERED**, that the Creditor Plan Proponents shall not be required to execute, complete, and deliver Ballots and shall be deemed to accept the Creditor Plan; and it is further

**ORDERED**, that [  ], 2022, at 4:00 p.m., prevailing Eastern Time, shall be the deadline by which objections to the Creditor Plan must be filed with the Bankruptcy Court and served so as to be actually received by the appropriate notice parties; and it is further

**ORDERED**, that [  ], 2022, at 4:00 p.m., prevailing Eastern Time, shall be the deadline by which the report tabulating the voting on the Plan shall be filed with the Bankruptcy Court; and it is further

**ORDERED**, that [  ], 2022, at 4:00 p.m., prevailing Eastern Time, shall be the deadline by which the Creditor Plan Proponents shall file their brief in support of Confirmation and responses to objections to the Plan with the Bankruptcy Court.

**<u>Exhibit B</u>**

**Form of Class 2(a) Ballot**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____
                                             )
In re:                                       )
                                             )      Chapter 11
Virginia True Corporation,                   )
                                             )      Case No. 19-42769 (NHL)
                                             )
                 Debtor.                     )
_____       )

**BALLOT FOR VOTING TO ACCEPT OR REJECT
DIATOMITE CORPORATION OF AMERICA, ANTHONY
CIPOLLONE, AND DOMENICK CIPOLLONE'S JOINT THIRD
AMENDED CHAPTER 11 CREDITOR PLAN OF REORGANIZATION**

**CLASS 2(A) ALLOWED GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS
TO BE <u>ACTUALLY RECEIVED</u> BY MAY 2, 2022 AT 5:00 P.M.
PREVAILING EASTERN TIME (THE "VOTING DEADLINE")
IN ACCORDANCE WITH THE FOLLOWING:**

---

If you are the Holder of an Allowed General Unsecured Claim (Class 2(a)), please use this ballot (this "<u>Class 2(a) Ballot</u>" or "<u>Ballot</u>") to cast your vote to accept or reject the *Diatomite Corporation Of America, Anthony Cipollone, and Domenick Cipollone's Joint Third Amended Proposed Chapter 11 Creditor Plan Of Reorganization* (as may be amended, modified, or supplemented, the "<u>Plan</u>" or the "<u>Creditor Plan</u>"),[1] which is being proposed by Diatomite Corporation of America ("<u>Diatomite</u>"), together with Anthony Cipollone and Domenick Cipollone (collectively the "<u>Cipollones</u>" and together with Diatomite, the "<u>Creditor Plan Proponents</u>").  The Plan is included in the solicitation package distributed herewith.

You should review the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class 2(a) under

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning as ascribed to such terms in the Plan.

the Plan.  If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by the counsel to Diatomite, Pack Law, at 51 NE 24th St. #108, Miami, FL 33137, joe@packlaw.com, jessey@packlaw.com, on or before [ ], 2022, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

### IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

### THE VOTING DEADLINE IS [ ], 2022.

**Item 1**.  **The Claim.**

<div style="border:1px solid">

Claimant: _____

</div>

<div style="border:1px solid">

Claim Amount: $ _____

</div>

**Item 2**.  **Vote on Plan.**

The Holder of the Claim set forth in Item 1 votes to (please check only one; check neither to abstain):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |

**Item 3**.  **Important Information Regarding the Releases.**

Important Information Regarding the Releases (including the Third-Party Release) are excerpted from the Plan below; please review the Plan in full.

### Key Definitions

**Released Parties** means the Plan Proponents and any of its officers, directors, members, general partners, managers or employees (acting in such capacity), any professional person employed by it, or any of its other Related Persons.

**Releasing Parties** means the Debtor and its Related Persons, and any Holder of a Claim or Interest (except the Plan Proponents) and their Related Persons, and all Persons who are entitled to assert Claims derivatively or through those Persons.

**Debtor Release**

**EXCEPT AS OTHERWISE PROVIDED FOR IN THE CREDITOR PLAN, ON THE EFFECTIVE DATE, THE DEBTOR SHALL BE DEEMED TO HAVE RELEASED THE PLAN PROPONENTS AND THEIR RELATED PERSONS AND PROFESSIONALS FROM ANY AND ALL CLAIMS, CAUSES OF ACTIONS, AND OTHER LIABILITIES ARISING DURING THE CHAPTER 11 CASE BEFORE THE EFFECTIVE DATE FROM ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF THE CHAPTER 11 CASE AND RELATED PROCEEDINGS, INCLUDING, BUT NOT LIMITED TO, FILING OF THE CHAPTER 11 CASE, ADMINISTRATION OF THE CHAPTER 11 CASE, FORMULATION, NEGOTIATION, PREPARATION, DISSEMINATION, APPROVAL, EXECUTION, ADMINISTRATION, CONFIRMATION, IMPLEMENTATION, OR CONSUMMATION OF, AS WELL AS THE SOLICITATION OF VOTES FOR, THE CREDITOR PLAN (INCLUDING ALL DISTRIBUTIONS THEREUNDER), THE DISCLOSURE STATEMENT, AND THE PLAN SUPPLEMENT; PROVIDED, HOWEVER, THAT THE DEBTOR SHALL NOT BE DEEMED TO HAVE RELEASED ANY SUCH ENTITY OR PERSON FROM LIABILITY FOR GROSS NEGLIGENCE, WILLFUL MISCONDUCT, OR FRAUD.**

For avoidance of any doubt, the release and discharge provisions contained herein and in the Creditor Plan do not include any claims that the parties may have against Debtor's principals that relate to their own acts and not based on actions of the Debtor, including, without limitation, the pending non-bankruptcy litigation brought by Diatomite and its principal, Allan Applestein, against the Debtor's principal, Howard Kleinhendler, asserting malpractice, elder abuse, and related claims and actions commenced by the Cipollones against the Debtor's principals.

**Releases by Holders of Claims and Interests**

**EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTOR (WHETHER OR NOT ALLOWED), AND EACH PERSON OR ENTITY PARTICIPATING IN EXCHANGES AND DISTRIBUTIONS UNDER OR PURSUANT TO THIS CREDITOR PLAN, FOR ITSELF AND ITS RESPECTIVE SUCCESSORS, ASSIGNS, TRANSFEREES, CURRENT AND FORMER OFFICERS, DIRECTORS, AGENTS AND EMPLOYEES, OR OTHER RELATED PERSONS, IN EACH CASE IN THEIR CAPACITY AS SUCH, SHALL BE DEEMED TO HAVE RELEASED ANY AND ALL CLAIMS AND CAUSES OF ACTION AGAINST (I) DEBTOR; (II) THE REORGANIZED DEBTOR; (III) THE PLAN PROPONENTS; (IV) THEIR RELATED PERSONS ARISING PRIOR TO THE EFFECTIVE DATE; PROVIDED, HOWEVER, NOTHING IN THIS SECTION SHALL BE CONSTRUED TO RELEASE OR EXCULPATE ANY PERSON OR ENTITY FROM GROSS NEGLIGENCE, WILLFUL MISCONDUCT, OR FRAUD.**

For avoidance of any doubt, the release and discharge provisions contained herein and in the Creditor Plan do not include any claims that the parties may have against Debtor's principals that relate to their own acts and not based on actions of the Debtor, including, without limitation, the pending non-bankruptcy litigation brought by Diatomite and its principal, Allan Applestein, against the Debtor's principal, Howard Kleinhendler, asserting malpractice, elder abuse, and related claims and actions commenced by the Cipollones against the Debtor's principals.

**<u>Item 4</u>. Certifications.**

By signing this Class 2(a) Ballot, the undersigned Entity or Individual certifies to the Bankruptcy Court and the Creditor Plan Proponents that:

(a)     the Entity or Individual is the Holder of the Claim being voted; or (ii) the Entity or Individual is an authorized signatory for an Entity or Individual that is a Holder of the Claim being voted;

(b)     the Entity or Individual (or in the case of an authorized signatory, the Holder) has received the Plan and associated solicitation package and acknowledges that this solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     no other Class 2(a) Ballots with respect to the amount of the Claim identified in Item 1 have been cast or, if any other Class 2(a) Ballots have been cast with respect to such Claim, then any such earlier Class 2(a) Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

4

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT WITH AN ORIGINAL SIGNATURE PROMPTLY VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR ELECTRONIC MAIL TO:**

Virginia True Corporation Creditor Plan Proponents
c/o Pack Law
51 NE 24th St. #108
Miami, FL 33137
joe@packlaw.com

IF THE CREDITOR PLAN PROPONENTS' ATTORNEYS DO NOT **ACTUALLY RECEIVE** THIS CLASS 2(A) BALLOT **ON OR BEFORE[  ], 2022** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTE TRANSMITTED BY THIS CLASS 2(A) BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE SOLE AND ABSOLUTE DISCRETION OF THE CREDITOR PLAN PROPONENTS.

**<u>Exhibit C</u>**

**Confirmation Hearing Notice**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____
                                 )
In re:                         )
                                 )    Chapter 11
Virginia True Corporation,     )
                                 )    Case No. 19-42769 (NHL)
                                 )
            Debtor.       )
_____)

**NOTICE OF HEARING TO CONSIDER CONFIRMATION
OF DIATOMITE CORPORATION OF AMERICA, ANTHONY
CIPOLLONE, AND DOMENICK CIPOLLONE'S CHAPTER 11 PLAN OF
REORGANIZATION AND RELATED VOTING AND OBJECTION DEADLINES**

    **PLEASE TAKE NOTICE THAT** on [__], 2022, the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") entered an order [Docket No. [__]] (the "Disclosure Statement Order"), (a) authorizing the Creditor Plan Proponents[1] to solicit acceptances for the Creditor Plan; (b) approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the Solicitation Package; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Creditor Plan and for filing objections to the Creditor Plan.

    **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Creditor Plan (the "Confirmation Hearing") will commence on [__] 2022, at [__] [_].m., prevailing Eastern Time, before the Honorable Judge Nancy Hershey Lord of the United States Bankruptcy Court for the Eastern District of New York.

    **PLEASE TAKE FURTHER NOTICE THAT the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Creditor Plan Proponents without further notice other than by such adjournment being announced in open court or by a Notice of Adjournment filed with the Bankruptcy Court and served on all parties entitled to such notice.**

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Disclosure Statement Order.

**PLEASE TAKE FURTHER NOTICE** of the following important dates and deadlines:

**Voting Record Date.** [__], 2022, shall be the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim.

**Voting Deadline.** [__], 2022, at 4:00 p.m., prevailing Eastern Time, shall be the deadline by which all Ballots must be properly executed, completed, and delivered so that they are **actually received** by the counsel to the Creditor Plan Proponents.

**Confirmation Objection Deadline.** [__], 2022, at 4:00 p.m., prevailing Eastern Time, shall be the deadline by which objections to the Creditor Plan must be filed with the Bankruptcy Court and served so as to be actually received by the appropriate notice parties.

**Deadline to File Voting Report.** [__], 2022, at 4:00 p.m., prevailing Eastern Time, shall be the deadline by which the report tabulating the voting on the Plan shall be filed with the Bankruptcy Court.

**Deadline to file Confirmation Brief and Objection Responses.** [__], 2022, at 4:00 p.m., prevailing Eastern Time, shall be the deadline by which the Creditor Plan Proponents shall file their brief in support of Confirmation and responses to objections to the Plan with the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT if confirmed, the Creditor Plan will bind all Holders of Claims or Interests to the maximum extent permitted by applicable law, whether or not such Holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in this chapter 11 case, or failed to vote to accept or reject the Creditor Plan or voted to reject the Creditor Plan.**

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Disclosure Statement, the Creditor Plan, the form of Ballots, and all other documents may be obtained by visiting the Bankruptcy Court's website at https://www.nyeb.uscourts.gov/ in accordance with the procedures and fees set forth therein.  Copies may also be obtained free of charge by contacting the undersigned counsel to the Creditor Plan Proponents.

*[Remainder of Page Intentionally Left Blank]*

Dated: [__], 2022
      Brooklyn, New York

**PACK LAW, P.A.**
By: _/s/ [DRAFT]_____
Joseph A. Pack, Esq.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Joseph A. Pack, Esq.
212-949-9300

*Counsel for Diatomite Corporation of America*

**LAW OFFICES OF AVRUM J. ROSEN, PLLC**
By: _/s/ [DRAFT]_____
38 New Street
Huntington, New York 11743
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.
631-423-8527

*Co-Counsel to Anthony Cipollone and Domenick Cipollone*