UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                          Chapter 11
VIRGINIA TRUE CORPORATION,                                  Case No. 19-42769 (NHL)

                                         Debtor.
---------------------------------------------------------x

### ORDER AUTHORIZING AND APPROVING SALE OF REAL PROPERTY OWNED BY THE DEBTOR, FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES AND INTERESTS, AND GRANTING RELATED RELIEF

Upon the amended motion of Virginia True Corporation, the debtor and debtor-in-possession herein (the "Debtor"), filed on August 24, 2022 (*see* ECF Doc. No. 374) (the "Sale Approval Motion"), seeking the entry of an Order, pursuant to §§ 105(a) and 363(b), (f) and (m) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 6004-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Bankruptcy Rules"), authorizing and approving the Debtor's sale of its real property (consisting of approximately 964.11 acres of undeveloped land in Richmond County, Virginia, in three (3) separate parcels, identified in the Richmond County tax records as tax parcels 4-1, 4-2 and 5-30, and commonly known as "Fones Cliffs" (the "Property")), "As Is", "Where Is", and "With All Faults", to Fones Cliffs Development LLC ("FCD") for the purchase price of $4,200,000, pursuant to the terms of a certain proposed Purchase and Sale Agreement, dated as of March 24, 2022 (the "Stalking Horse PSA", a copy of which was attached to the Sale Approval Motion as *Exhibit "A"*), or to the person or entity making the highest and/or best offer for the Property at the Public Sale (hereinafter defined) pursuant to the terms of a competing purchase and sale agreement (a "Competing PSA"), and granting related relief, such sale to be free and clear of all liens, encumbrances and interests thereon and thereto of whatever kind or nature except as expressly set forth in the Stalking Horse

PSA (or a Competing PSA, as the case may be) (collectively, "Liens and Claims"); and the Court having issued an Order on August 16, 2022 (*see* ECF Doc. No. 368) authorizing, among other things, the Debtor to retain and employ Auction Advisors (the "Broker") as its broker with respect to the sale of the Property; and the Court having issued an Order on August 19, 2022 (*see* ECF Doc. No. 372) (the "Bidding Procedures Order"): (a) approving, among other things, bidding and noticing procedures with respect to the sale of the Property; and (b) directing, among other things: (i) that a public sale (the "Public Sale") be held on November 3, 2022, commencing at 12:00 p.m. (Eastern Time) with the assistance of the Broker, at which the Debtor was to offer the Property for sale to potential bidders, if any, interested in placing an offer for the Property which was higher and/or better than the offer submitted by FCD and in compliance with the terms set forth in the Bidding Procedures Order; and (ii) that a hearing be held on November 9, 2022 at 10:30 a.m. (the "Sale Approval Hearing"), to consider the approval of the sale of the Property to the Successful Bidder (hereinafter defined), together with such other and further relief as the Court may deem just and proper; and it appearing that due and adequate notice of the Public Sale, the Sale Approval Motion and the Sale Approval Hearing was provided in accordance with the Bidding Procedures Order; and the Public Sale having been conducted on November 3, 2022 in accordance with the Bidding Procedures Order at the conclusion of which the Debtor, in consultation with its professionals, and after conferring with counsel to Diatomite Corporation of America and counsel to Anthony Cipollone and Domenick Cipollone, designated: (a) The Conservation Fund as the Successful Bidder (the "Successful Bidder") for the Property for the purchase price of $8,100,000 and pursuant to the terms of the corresponding Competing PSA executed by The Conservation Fund (the "Successful Bidder's PSA"); and (b) FCD as the Backup Bidder (the "Backup Bidder") for the Property for the purchase price of $8,075,000 and

pursuant to the terms of the Stalking Horse PSA; and the Sale Approval Hearing having been adjourned to November 17, 2022, at which Douglas J. Pick, Esq. & Eric Zabicki, Esq. (Counsel to Debtor), Katherine Kulbok, Esq. (Virginia State A.G. representing DEP); Nazar Khodorovsky, Esq. (Office of the United States Trustee); Joseph Pack, Esq. & Jessey Krehl, Esq. (Counsel to Diatomite), Steven H. Dohan (principal of Diatomite), Avrum Rosen, Esq. (Co-Counsel to Anthony Cipollone & Domenick Cipollone), Alison R. Ellis, Esq. (Virginia Counsel to Debtor), Lily G. Engle, Esq. (Counsel to Conservation Fund), Bruce W. Henry, Esq. (Counsel to The Conservation Fund), Joshua Olshin (Auction Advisors), Robert A. Rich, Esq. (Counsel to Robert C. Smith, PLLC), Harold Somer, Esq. (Counsel to Pan American Claim Investors and Fones Cliffs Development LLC) appeared; and upon the record of the hearing held on September 20, 2022 in connection with the Sale Approval Motion and the record of the Sale Approval Hearing held on November 17, 2022; and due deliberation having been had thereon; and sufficient cause appearing therefor, this Court hereby makes the following findings of facts and conclusions of law:

    A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

    B.    The statutory predicates for the relief sought in the Sale Approval Motion and the basis for the approvals and authorizations contained in this Order are §§ 105(a) and 363(b), (f) and (m) of the Bankruptcy Code, Bankruptcy Rule 6004 and Local Bankruptcy Rules 6004-1.

    C.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

    D.    Venue of this case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

E. Proper, timely, adequate and sufficient notice of the Public Sale, the Sale Approval Motion and the Sale Approval Hearing has been given in accordance with §§ 363(b) and (f) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004 and the Bidding Procedures Order, as evidenced by affidavits of service and affidavits of publication filed with Clerk of this Court and no other or further notice is required.

F. A reasonable opportunity has been afforded to any person or entity desirous of making a higher and better offer to purchase the Property.

G. The Debtor has adequately disclosed all material facts necessary to permit the Court, the Debtor and the Debtor's creditors to evaluate the merits of the sale of the Property proposed by the Debtor.

H. A reasonable opportunity to object or be heard regarding the relief requested in the Sale Approval Motion has been afforded to interested persons and entities.

I. It is in the best interest of the estate and creditors to sell the Property to the Successful Bidder.

J. The Debtor has advanced sound business reasons for seeking to sell the Property, and it is a sound exercise of the Debtor's business judgment to sell the Property on the grounds set forth in the Sale Approval Motion.

K. The consideration to be paid by the Successful Bidder constitutes adequate and fair value for the Property.

L. The Successful Bidder's PSA executed by the Successful Bidder was negotiated and entered into in good faith and pursuant to arms' length bargaining positions by and between the Debtor and the Successful Bidder.

M.	The Debtor has established one or more grounds under § 363(f) of the Bankruptcy Code to permit the sale of the Property to be free and clear of all Liens and Claims and such Liens and Claims will be adequately protected by the attachment of such Liens and Claims to the sale proceeds to the same extent, priority, and validity and in the same amount, and subject to the same claims and defenses as existed immediately before the closing of the sale.

N.	The Successful Bidder is a good faith purchaser of the Property and is entitled to the protections of a good faith purchaser under § 363(m) of the Bankruptcy Code.

O.	The Successful Bidder will be acting in good faith within the meaning of § 363(m) of the Bankruptcy Code in closing the transaction contemplated by the Successful Bidder's PSA.

P.	The consideration provided by the Purchaser for the property (a) is fair and reasonable, (b) is the highest or best offer for the Property, (c) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative, and (d) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law.  No other entity or group of entities has offered to purchase the Property for greater economic value to the Debtor's estate than the Purchaser. The Debtor's determination that the sale to the Purchaser constitutes the highest and/or best offer for the Property constitutes a valid and sound exercise of the Debtor's business judgment.

Based upon the forgoing, and after due consideration and good cause appearing therefor, it is hereby **ORDERED AS FOLLOWS**:

1. The offer of the Successful Bidder to pay the amount of $8,100,000 pursuant to the terms of the Successful Bidder's PSA is the highest and/or best offer for the purchase of the Property.

2. The Debtor is authorized and directed to sell and convey title to the Property to the Successful Bidder pursuant to the terms of the Successful Bidder's PSA.

3. The Debtor is authorized and directed to do and perform all acts, to make, and execute all related instruments and documents, which may be required or necessary for performance pursuant to the terms of the Successful Bidder's PSA and the within Order approving the sale.

4. Pursuant to §§ 363(b) and (f) of the Bankruptcy Code, the Property shall be conveyed, sold and transferred to the Successful Bidder "As Is", "Where Is", and "With All Faults", free and clear of any and all Liens and Claims, with all such Liens and Claims to attach to the proceeds of sale to the same extent, priority, and validity and in the same amount, and subject to the same claims and defenses as existed immediately before the closing of the sale (the "Closing").

5. The offer of the Backup Bidder to pay the amount of $8,075,000 pursuant to the terms of the Stalking Horse PSA is the second highest and/or best offer for the purchase of the Property.

6. In the event that the Successful Bidder shall fail to timely close and/or tender the appropriate deposit(s) on or before the deadlines set in the PSA, the Debtor shall be authorized, but not directed, to sell the Property to the Backup Bidder pursuant to the Stalking Horse PSA

upon all of the same terms set forth in this Order and as if the Backup Bidder were the Successful Bidder and the Stalking Horse PSA were the Successful Bidder's PSA referenced in this Order.

7. Subject to satisfaction of all of the terms and conditions of this Order, the provisions of this Order shall be self-executing and neither the Debtor nor the Successful Bidder shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. However, the Debtor and the Successful Bidder, and each of their respective officers, employees and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or the Successful Bidder deems necessary or appropriate to implement and effectuate the terms of this Order and/or the Successful Bidder's PSA.

8. If any person or entity that has filed financing statements, mortgages, judgments, mechanic's liens, notices of pendency and/or any other documents or agreements evidencing or otherwise asserting any Liens and Claims in or against the Property shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all Liens and Claims that the person or entity has with respect to the Property, the Debtor is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property prior to the Closing, and the Successful Bidder is authorized to file such documents after the Closing.

9. This Order may be recorded in the land records in which title to the Property is registered or recorded and any title insurance company may rely upon this Order as evidence that

transfer of the Property by the Debtor to the Successful Bidder is free and clear of any and all Liens and Claims. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Successful Bidder's PSA and this Order.

10. The Debtor is authorized and directed to pay, disburse or reserve, as the case may be, the customary costs and expenses, if any, of closing payable by the Debtor.

11. Upon entry of this Order and the occurrence of the Closing, the Successful Bidder shall be entitled to the protections of § 363(m) of the Bankruptcy Code.

12. To the extent, if any, that the Closing occurs after confirmation of a chapter 11 plan, the deed conveying title to the Property to the Successful Bidder shall be an instrument of transfer under, in connection with or in furtherance of such plan which shall not be subject to tax under any law imposing a stamp tax, real estate transfer taxes, mortgage recording tax or similar tax, and, to the extent provided by 11 U.S.C. § 1146(a), if any, shall not be subject to any state, local or federal law imposing sales tax.

13. In the manner set forth in Article V of Consent Decree between the Debtor, the Virginia Department of Environmental Quality and the State Water Control Board approved by separate Order of this Court (the "<u>Approved Consent Decree</u>"), the Debtor is authorized and directed to pay the total sum of $200,000.00 to the Virginia Department of Environmental Quality and/or the Friends of the Rappahannock (as the case may be) from the proceeds of sale at the Closing in full and final settlement and satisfaction of the Debtor's monetary obligations under the Approved Consent Decree.

14. The Debtor, by its counsel, shall hold the balance of the proceeds of sale of the Property not paid or disbursed at the Closing in escrow and shall distribute said proceeds only in accordance with the terms of a confirmed plan or further Order of this Court.

15. This Order shall be binding upon and inure to the benefit of the Debtor, the Purchaser and their respective successors and assigns.

16. If any or all of the provisions of this Order shall be modified, vacated or stayed after any closing and consummation of the sale of the Property, such stay, modification or vacatur shall not affect the validity and enforceability of any such closing and consummation of the sale of the Property. If any or all of the provisions of this Order shall be modified, vacated or stayed prior to any closing and consummation of the sale of the Property, the highest and best offer shall remain open until such time as either the stay is vacated or this order becomes a final non-appealable order, whichever is earlier.

17. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and the requirements of Bankruptcy Rule 6004(h) are hereby waived. Any actions taken pursuant hereto shall survive entry of, and shall govern with respect to any conflict with, any other Order.

18. The Court shall retain jurisdiction to enforce the provisions of this Order and the Successful Bidder's PSA and to resolve any disputes concerning this Order, the Successful Bidder's PSA, the distribution of the sale proceeds or the rights and duties of parties thereunder.

19. Within fourteen (14) days after the conclusion of the Closing, the Debtor will provide the United States Trustee (Attention: Rachel Wolf, Esq., Trial Attorney) with a copy of the closing statement by electronic mail message. The Debtor shall report any disbursements made at closing in its relevant monthly operating report(s).



Dated: November 18, 2022
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge